JOHN S. KELLOGG, ETC., Respondent, vs. JOSEPH MALIN, Appellant.

62  429
34a  94
62  429
36a 695
62  429
41a 331
62  429
105  478
62  429
54a 625
62  429
59a 488
62  429
68a 560
62  429
75a 370
62  429
79a 252
62  429
89a 662

1. *Conveyances—Covenant against incumbrances, to whom survives—Administrator.*—A covenant against incumbrances in a conveyance is personal, and an action thereon may be brought by the administrator.

2. *Practice, civil—Pleadings—Misjoinder—Demurrer—Waiver.*—A defendant, unless he demurs, will be considered to have waived the objection of misjoinder of parties.

3. *Evidence—Incumbrances, covenant against—Right of way—Object in purchasing.*—Evidence of plaintiff's object in purchasing is inadmissible in a suit for damages on the covenant against incumbrances on account of the existence of a right of way.

4. *Evidence—Incumbrances, covenant against—Right of way, benefit therefrom.*—In a suit for breach of covenant against incumbrances by reason of a right of way by a railroad, evidence of the enhanced value of the land by reason of the railroad, or of privileges accorded by the railroad, is inadmissible.

5. *Witnesses—Deceased party, contract with.*—In a suit against C. by A. for himself, and as administrator of B., C. is inadmissible as a witness to prove that he settled the matter in controversy with B. during his life time.

6. *Contracts—Incumbrances, covenant against—Breach of—Damages, measure of.*—In a suit for breach of covenant against incumbrances, if the incumbrance has inflicted no actual injury on the plaintiff, and he has paid nothing towards removing or extinguishing it, he can recover only nominal damages; if he has removed and paid it off, he can recover what he paid for that purpose, if it be a reasonable and fair price; if he has sustained actual injury, the damages are to be proportioned to the actual loss sustained, and if it be of such a character that it cannot be extinguished, as an easement or servitude, the damages are to be estimated according to the injury arising from its continuance.

7. *Contracts—Incumbrances, covenant against—Easement perpetual—Occupancy of part by privilege—Damages, measure of.*—A party having a perpetual easement allowed the owner of the servient estate to occupy a part of the land covered by the easement. In a suit by this owner against his grantor for breach of covenant against incumbrances by reason of this easement; *held,* that this occupancy was a question only between the holders of the dominant and servient estates, and was a privilege which might be revoked at any time, and that the fact, that the easement was perpetual, was rightfully taken into consideration in assessing the damages.

*Appeal from Buchanan Circuit Court.*

*Doniphan & Reed, with A. H. Vories,* for Appellant.

I. The measure of damages could be no more than a just compensation for continuance of incumbrance. (3 Cush., 206; 5 Wis., 22; 4 Kent, 476.)

II. An easement apparent to grantee is not embraced in a general covenant. (22 Wis., 628; 16 Ind., 142.)

III. If plaintiff was entitled to recover at all, the measure of damage would be only the consideration money and interest. (4 Dant, 475; 14 Pick., 128; 14 Conn., 245; 4 Johns., 1; 13 Id., 50; Caswell vs. Wardell, 4 Mass., 108; Martin vs. Long, 3 Mo., 391.)

IV. In this case the incumbrance was patent, and the land bought on speculation, and far below its value to the purchasers. In such case the purchaser is not entitled to recover. (3 Dess., 245; Waterman's Dart Vend. & Purch. Real Est., 376, and note.)

*B. Pike & H. K. White*, for Respondent.

I. If there was a misjoinder of parties, the objection was waived by answer. (Kellogg vs. Malin, 50 Mo., 496; Beddoe's Ex'r vs. Woodworth, 21 Wend., 120; Horstkotte vs. Menier, 50 Mo., 158; Shelton vs. Pease, 10 Mass. 473; Bredow vs. Mut. Sav. Ass'n, 28 Mo., 181.)

II. Defendant, Malin, was incompetent to testify as to the alleged settlement with Palmer and the original consideration. (Stanton vs. Ryan, 41 Mo., 511.)

III. The breach of the covenant was a chose in action belonging to the partnership, and as such collectable by the survivor. (Bredow vs. Mut. Sav. Inst., 28 Mo., 181.)

WAGNER, Judge, delivered the opinion of the court.

Plaintiff, Kellogg, for himself and as administrator of the effects of his former partner, Palmer, brought this action against the defendant for a breach of covenant against incumbrances. The breach consisted in the right of way, which was decreed by an order of court to the Platte County Railroad, previous to the sale, and for which the defendant received pay.

The answer admitted the execution and delivery of the deed, and the purchase of the land as partnership property, and the existence of the incumbrance. It alleged as defenses,

that the grantees had only been partially excluded from the right of way vested in the railroad company, and that defendant and Palmer in his lifetime had compromised and settled the matter in dispute, and that the grantees had knowledge of the incumbrance when they bought. It further alleged, that Kellogg had made a final settlement of the administration of the partnership affairs. A replication was filed, denying all the new matter set up in the answer.

When the cause came on for trial the defendant objected to the introduction of any testimony by the plaintiffs, on the ground that the petition did not state a cause of action; that it showed that the land was conveyed to Kellogg & Palmer, then dead, and that the cause of action survived to Palmer's heirs, and not to the administrator; and that Kellogg could not bring the action in his own name, and also in his capacity as administrator. The court overruled the objection. This ruling, we think, was entirely correct. The covenant against a breach of encumbrances is a personal covenant, and may well be brought by the administrator. There is no insuperable difficulty presented in the joinder of the parties, but if the defendant thought there was a misjoinder, he should have raised the objection by demurrer; and, failing to do so, he must be regarded as having waived it.

Both parties introduced evidence in regard to the amount the plaintiffs were damaged by reason of the right of way, some of the plaintiff's witnesses placing the damages as high as one hundred dollars an acre; whilst some of the defendant's witnesses testified, that plaintiffs suffered no damages, but were benefitted by the road running through the land.

After this examination had progressed for some time, the court stopped it, and excluded all the evidence of this character, and announced that the measure of damages would be declared to be the value of the land taken at the time of the delivery of the deed from defendant to plaintiffs, and six per cent. interest thereon from that time.

Defendant read upon the trial the deposition of Alexander, certain portions of which were excluded, to which rulings ex-

ceptions were taken. One part of the deposition, which was ruled out, related to what Palmer said he was buying the land for, and stated that he could get accomodations from the road. This evidence was neither material nor legitimate. It made no difference about Palmer's motives in making the purchase; they constituted no element in the case. The other parts stricken out stated that the railroad was built in 1860, before plaintiffs purchased; that the construction of the road doubled the prices of land, and that in 1865, when the deed was made, the road was a benefit to the land; that, if the road was taken away, the land would not be worth as much by one-third, and that, at the time the purchase was made, plaintiffs were shipping their wood, and nobody could get accomodations on the road, except those connected with it. All this evidence was obviously irrelevant and properly rejected. The advantages and disadvantages spoken of were common to the whole country, and not peculiar to the land in controversy, and whatever favors the plaintiffs obtained from the road had nothing to do with the question.

Defendant further offered to prove by the deposition of one Nicely, that he had a conversation with Palmer, and that Palmer stated to him, that he and Kellogg purchased the land for the wood that was on it, and on account of facilities furnished by the railroad for getting it to the market. The court committed no error in ruling out this testimony; it had nothing to do with the issue presented on the trial.

Defendant then offered himself as a witness, and proposed to give evidence, that, during the lifetime of Palmer, he had settled with him on account of the right of way, and that the whole matter of the suit had been by them adjusted. This evidence was objected to, and this court sustained the objection. The witness was incompetent under the statute. He could not give evidence of a contract of settlement made with a person who was dead. The parties were on unequal terms, and the defendant was disqualified.

The right of way condemned, and which the road paid for, was a strip one hundred feet wide; but it was shown that the

road did not use the whole one hundred feet, and that the plaintiffs occupied and cultivated what was not actually used by the road; and it is thence contended, that plaintiffs can only recover for the amount actually possessed and in use by the road. This is really the most difficult point in the case, in fixing upon the true measure or criterion of damages; and the measure of damages is the only question entitled to any consideration.

There is nothing in the plaintiff's instructions requiring any especial mention, and the defendant's instructions were rightfully refused, as they were contrary to the law as laid down in this case, when it was here before. (Kellogg vs. Malin, 50 Mo., 496.)

The instructions given by the court of its own motion is the principal one, and is as follows: " If the jury find, that, at the time of the delivery by defendant to plaintiffs, the railroad company actually occupied a part of said land with the knowledge of the plaintiffs, then, in estimating the damages, they will take into consideration the amount of land so occupied, coupled with the perpetual right in said railroad company to occupy a strip on each side of the centre of their track of the width of fifty feet, and to the amount so obtained they will add six per cent. interest, from the delivery of the deed to the present time, and they will exclude all other damages."

The rule is well settled as to the measure of damages for a breach of covenant against incumbrances; and is generally very simple. The covenant being treated as one of indemnity, if the incumbrance has inflicted no actual injury upon the plaintiff, and he has paid nothing towards removing or extinguishing it, he can obtain but nominal damages, as he is not allowed to recover a certain compensation for running the risk of an uncertain injury. If the grantee has removed and paid off the incumbrance, the measure of damages is what he paid for that purpose, if it be a reasonable and fair price. (Henderson vs. Henderson, 13 Mo., 151 ; St. Louis vs. Bissell, 46 Mo., 157.)

When, however, the incumbrance has inflicted an actual injury upon the purchaser, the rule can only be, generally stated to be, that the damages are sought to be proportioned to the actual loss sustained. Thus, if the incumbrance be of a character which cannot be extinguished, such as an easement or servitude, an existing lease or the like, it is said that the damages are to be estimated by the jury according to the injury arising from its continuance. (Rawle Cov. Tit., 3d ed., 136, and cases cited.) There is a good reason for the distinction. In case of an incumbrance by an ordinary lien or mortgage, the grantee may pay off the incumbrance at any time, and free the premises, or the person who made the lien or mortgage may extinguish them, and the grantee may never be injured. But an easement or servitude is unextinguishable by any act of the parties either grantor or grantee, and, if its continuance is permanent, the damages must be assessed accordingly. In the present case the easement was perpetual, and therefore it was proper for the jury to take the whole right of way into consideration as well as that actually occupied. That the company permitted the plaintiffs to use a portion of the strip, was a matter between the company and the plaintiffs, and the privilege might be withdrawn at any time. But there was an easement, a perpetual incumbrance on the premises, and it was rightfully taken into consideration in assessing the damages.

We find no substantial error in the instruction, and we think the judgment should be affirmed. All the judges concur, except Judge Vories, who is absent.