## EDMONSON v. PHILLIPS, *Appellant.*

1. **Pleading**: JEOFAILS. If the facts requisite to constitute a cause of action are necessarily inferable from the petition, though informally stated, the petition will be held good after verdict.

2. ———: HUSBAND, A NECESSARY PARTY TO WIFE'S SUIT. Section 3468, Revised Statutes, makes the husband a necessary party to a suit brought to enforce a vendor's lien in favor of his wife, whether the right accrues to her as her separate property or otherwise.

3. ———: ———: MISJOINDER OF PARTIES. If in any case husband and wife be improperly joined as co-plaintiffs, defendant should

73 57'
34a 94
34a 463
73 57
41a 331
73 57
112 618
73 57
116 73
73 57
126 639
73 57
135 198
70a 83
73 57
143 437
73 57
78a 304
73 57
155 371
73 57
88a 625
88a 626
89a 662
73 57
93a 1 28
73 57
98a 7 126

raise the objection by demurrer to the petition, not by motion in arrest of judgment.

4. **Vendor's Lien**: JURISDICTION OF CIRCUIT COURT, VENDEE BEING DEAD. There is nothing in the administration law that ousts the jurisdiction of the circuit court to enforce a vendor's lien against property in the hands of the devisee of a deceased vendee.

5. —————: ITS ENFORCEMENT AFTER DEATH OF VENDEE. The fact that the holder of a note given for the purchase money of land has procured its allowance against the estate of the vendee, deceased, will be no obstacle to the enforcement of a vendor's lien against the land itself in the hands of the devisee.

6. —————: ON LAND SOLD IN PARTITION. Land sold by the sheriff under a decree in partition, is subject to a vendor's lien in favor of a partitioner who has received as his share of the estate a note given for deferred payments of purchase money.

7. **Pleading**: ANSWER: GENERAL DENIAL: JEOFAILS. An answer which denies generally " each and every material allegation of the petition," without anything further to show what allegations are meant to be put in issue, is bad; but if the plaintiff, at the trial, treats it as a general denial, he cannot afterward object to its sufficiency.

8. **Jurisdiction**: PLEADING. Failure to deny an allegation of want of jurisdiction will not oust the court of jurisdiction if it really exists.

*Appeal from New Madrid Circuit Court.*—The case was tried before GEO. W. CARLETON, ESQ., sitting as Special Judge.

REVERSED.

This was a suit brought in the circuit court of New Madrid county by John Edmonson and Levina, his wife, against Murry Phillips, to have a lien declared and enforced against certain real estate for the amount of a certain note. The petition averred that on the 17th day of March, 1873, Amos R. Phillips executed and delivered said note to said Levina Edmonson; that said note was given for part of the purchase price of the said real estate; and that Amos R. Phillips was dead, leaving a will constituting said Murry his sole heir and executor. The answer was a general denial of " all the material averments of the petition," and

besides set up two special defenses :   1st, That the probate, and not the circuit court, had original jurisdiction of the cause; 2nd, That the note had been allowed against the estate of Amos R. Phillips in the probate court.   There was no reply.   The evidence offered at the trial showed that certain land had belonged to one Freeman ; that Levina Edmonson was one of the heirs of Freeman ; that the land was sold under a decree in partition among the heirs; that Amos R. Phillips became the purchaser; that the sheriff executed a deed to said Phillips; that Levina Edmonson never made any deed for the land ; that Amos R. Phillips paid part of the purchase money in cash, and gave the note in question for the remainder ; that the note was payable to Levina Edmonson, and represented her interest in Freeman's estate.   There was no evidence that Amos R. Phillips was dead, or had left a will appointing defendant his heir or devisee ; and none to show that the land sold under the decree was the same as that described in the petition.   Nor was the note offered in evidence. Plaintiffs had judgment, and defendant moved for a new trial and in arrest of judgment, on the ground that there was no evidence to support the finding, and that the petition did not state facts sufficient to constitute a cause of action.   These motions were overruled, and defendant appealed.

*Lewis Brown* for appellant.

### I.

SHERWOOD, C. J.—We do not regard the petition obnoxious to the objection that it does not state facts sufficient to constitute a cause of action, since it alleges that Amos R. Phillips executed and gave to the wife and coplaintiff of Jno. Edmonson the note for $800; that the sum therein specified was part of the purchase price of a certain tract of the land, describing it; that Amos R. Phillips is dead ; that by his will, since admitted to probate, he

constituted defendant his executor and sole heir (devisee), and asks that the sum specified and interest be declared a lien on the land mentioned, and the same be sold in satisfaction thereof, and for other and further relief. It is true, the petition might have been more formal and specific; it might have alleged the wife's ownership or interest in the land, but these facts are necessarily inferable from the allegations of the petition. At the worst, the petition sets forth a cause of action defectively stated; not a defective cause of action, and if advantage was to be taken of any lack of formality in the petition in the particular referred to, it should have been done at an earlier stage of the proceedings. So much for this point.

## II.

The objection is equally untenable that the husband should not have been joined as co-plaintiff. The statute expressly requires him to join in circumstances like those here presented, (2 Wag. Stat., p. 1001, § 8; R. S. 1879, § 3468;) and it makes no difference whether the property is the separate property of the wife or not; the husband must still be joined.

Besides, if the husband was improperly joined as co-plaintiff, defendant's proper course was to have demurred. R. S. 1879, § 3515; *Kellogg v. Malin*, 62 Mo. 429.

## III.

There is no doubt as to the jurisdiction of the circuit court. Such court is the possessor of chancery powers. It belongs to the ancient jurisdiction of chancery courts to enforce vendor's liens, and it is well settled that such jurisdiction is not lost by reason of the fact that the legislature has thought fit to confer jurisdiction of a similar nature on courts of law. The ancient jurisdiction in such cases will remain in full force unless prohibitory legislation be interposed. *Real Estate Sav. Inst. v. Collonious*, 63 Mo. 290, and cases cited. There is no such legislation in this

State. Pages 93, 94 and 95, 1 Wagner's Statutes, do not contain anything which ousts the jurisdiction of the circuit court.

## IV.

Nor did the allowance in the probate court of the note given for the interest in the land present any barrier to enforcing the vendor's lien. Both methods of procedure were open to the owner of the note, and she was confined to neither. In other words, the status of the holder of the note, her rights and her remedies were not diminished because holding an imperfect instead of a perfect mortgage, in which last case no doubt would exist that the holder of the note might not only have the same allowed in the probate court, but might afterward proceed to foreclose the mortgage also. The enforcement of a vendor's lien, an imperfect mortgage, is but analogous in its objects and incidents to the foreclosure of an ordinary mortgage.

## V.

And we do not think the complexion of this case altered, so far as concerns the present proceeding, merely because the sheriff sold, in a partition suit, the interest of the wife in the land. She, as one of the heirs of her father, could doubtless have sold her interest, and would then have retained a vendor's lien for the purchase money, and the fact that the sheriff acted as the agent of the heirs and took notes from the purchaser to them respectively, cannot in anywise affect their rights or their remedies. The land had been conveyed by the sheriff to Amos R. Phillips, the purchaser, and, if the present plaintiff could not maintain this proceeding to enforce a vendor's lien, the ultimate result would be, it could not be enforced at all. We are not of opinion that either the reason or the law of the case favors any such result.

## VI.

Are the allegations of the petition to be taken as ad-

mitted in consequence of the first paragraph of defendant's answer failing to properly traverse the same? That paragraph merely denies "each and every material allegation in plaintiff's petition set forth." The statute provides: "The answer of the defendant shall contain: 1st, A general or specific denial of each material allegation of the petition controverted by the defendant." R. S. 1879, § 3521.

Prior to the amendment of 1875, just quoted, the statute then in force provided that: "The answer of the defendant shall contain: 1st, A special denial of each material allegation of the petition controverted by the defendant." 2 Wag. Stat., 1015, § 12. It would scarcely have been contended under that statute that an answer was good which stated that "defendant specially denies each material allegation of the petition." And yet, by parity of reasoning, if merely following the language of the statute is sufficient, the denial in the hypothetical case would be well enough, if the one being considered is to be thus regarded.

A recent writer on code pleading, Judge Bliss, remarks on the point under discussion: "Whether the denial be general or special—that is, whether the defendant deny all the plaintiff's material allegations or a part only—it must clearly and unequivocally appear what he intends to deny." Bliss Code Plead., § 331. In the present instance what allegations of the petition does the defendant intend to deny? This question can only be satisfactorily answered when we ascertain what meaning he attaches to the qualifying word "material." It is quite obvious that the pleader assumes to himself to determine what is or is not material, thus leaving the court and the adverse party to conjecture his meaning, while he retains the signal advantage of being permitted to say that his denial is broad or narrow; that he denies a single allegation of the petition or all of them, as best suits his convenience in the exigencies incident to the trial. We think

it would be plainly repugnant to both spirit and letter of our code pleading to permit a denial couched in such language to be held a valid traverse of the allegations of the petition.

But, notwithstanding this is so, yet the plaintiffs have treated the first paragraph of the answer as a general denial. They might, under the statute, have compelled defendant to have made his denial more definite and certain, but this they did not do, and having proceeded with the cause as if a general denial were in, they will, on the principle of the rule declared in *Henslee v. Cannefax*, 49 Mo. 295, and subsequently followed in *Leabo v. Goode*, 67 Mo. 126, and in *Simmons v. Carrier*, 68 Mo. 416, be precluded from gainsaying the sufficiency of the answer on the point being discussed. As the denial of the first paragraph of the answer must, in the circumstances here presented, be held good, the allegation of the petition cannot be taken as confessed, and consequently the objections urged as to the lack of testimony in certain particulars, must be deemed valid objections; and the case of plaintiffs not made out by the evidence adduced.

## VII.

There was no necessity for a reply to the new matter set forth in the second paragraph of the defendant's answer, and for these reasons: If, as already seen, the allowance in the probate court did not preclude plaintiffs from enforcing a vendor's lien, then the allegation of such allowance needed no denial.

A similar remark applies to the allegation that the probate court had exclusive jurisdiction. It is well settled that consent of parties cannot confer jurisdiction. If consent of parties cannot do this, neither can their admission or denials have that effect. If the circuit court had jurisdiction of the cause, and so we have decided, it matters not what the parties admitted or what they denied respecting the jurisdiction of the probate court.

Because of the deficiency of plaintiffs' testimony to support the allegations of their petition, the judgment should be reversed and the cause remanded. All concur.