| 34 | 89 |
| --- | --- |
| 45 | 516 |
| 34 | 89 |
| 134m | 221 |
| 34 | 89 |
| 89 | 662 |

## HORACE TABER et al., Respondents, v. WILLIAM WILSON, Appellant.

### St. Louis Court of Appeals, February 5, 1889

1. **Pleading: DEMURRER: ANSWER.** A party may demur to one part of a petition and answer to another. But he cannot do both at the same time and in the same pleading.

2. **Pleading: MISJOINDER OF PARTIES.** Where a misjoinder of parties appears on the face of the petition, and the defendant's objection thereto is blended with matter pleadable by answer only, the objection of misjoinder is not properly raised. and will be treated as waived.

3. **Board of Equalization: MEMBERSHIP: RECORD.** An entry in the record of a meeting of the board of equalization, to the effect that among the persons present was "J. J. Pierce, sheriff," is not to be understood as meaning that the person named was present as an acting member, when the uncontradicted oral testimony shows that he was merely in attendance *ex officio*, as a ministerial officer of the board.

4. **Board of Equalization: OATH OF QUALIFICATION.** An objection that the record of the board fails to show that the members were duly sworn, is of no force in view of the clerk's uncontradicted testimony that he orally administered to them the statutory oath.

5. **Board of Equalization: NOTICE OF MEETING.** Parties who were present at the meetings of the board, and who prosecuted appeals from the successive decisions complained of, are in no position to complain of the absence of statutory notices of the meetings. And where one or more of several joint plaintiffs had actual notice, this will be deemed a sufficient notice to the other plaintiffs. Any defect of notice is cured by actual knowledge of the party entitled, and by his appearance and being heard in opposition to the proceeding objected to.

*Appeal from the Oregon Circuit Court.*—HON. J. F. HALE, Judge.

REVERSED AND REMANDED.

*A. H. Livingston,* for the appellant.

The proceedings of the board of equalization and appeals will not be reviewed by injunction. *Dean v. Todd,* 22 Mo. 90. In this state the law seems to be well settled that the collection of taxes will be enjoined on two grounds only : When the property sought to be charged with the tax is not subject to taxation, and where the tax is one unauthorized by law. *Overall v. Ruenzi,* 67 Mo. 203 ; *Bank v. Kansas City,* 73 Mo. 555 ; *Valle v. Geegler,* 84 Mo. 214 ; *Gymnastic Society v. Hudson,* 85 Mo. 32 ; *Cramer v. Hager,* 91 Mo. 452 ; *Sayree v. Thompkins,* 23 Mo. 443 ; *State ex rel. v. Parkville,* 32 Mo. 496 ; *Barrow v. Davis,* 46 Mo. 394 ; *McPike v. Pew,* 48 Mo. 525 ; *Hamilton v. Rosenblatt,* 8 Mo. App. 237 ; *Bank v. Meredith,* 44 Mo. 500 ; *Ewing v. Board of Ed.,* 72 Mo. 436. If plaintiffs desired to attack the proceedings of the board of equalization and appeals the proper remedy was by *certiorari. Min. Co. v. Neptune,* 19 Mo. App. 438 ; *State v. Dowling,* 50 Mo. 134. The joinder of the several plaintiffs in this action is fatal to their suit. If a misjoinder appears the injunction should be denied. High on Inj. [ 1 Ed. ] sec. 1016.

*Evans & Clarke,* for the respondents.

The petition is sufficient and sets out a cause of action. Boards of equalization are courts of inferior and limited jurisdiction, and must exercise their powers in strict conformity with the provisions of the statute creating them, or their action will be void. *State ex rel.*

*v. Hotel Co.*, 9 Mo. App. 450 ; Cooley on Taxation [ 2 Ed. ] 751-2.   In this case it does not appear from the record of the board of equalization, or board of appeals, that any notice was given by such boards that they had increased, or intended to increase, the valuation placed upon the real estate of the respondents by the assessor. Such notice must be given.   *Railroad v. Cass Co.*, 53 Mo. 17 ; *State ex rel. v. Hotel Co.*, 9 Mo. App. 450 ; *Mining Co. v. Neptune*, 19 Mo. App. 466.   Their proceedings are summary in their nature.   Cooley [ 2 Ed. ] 432.   It is a jurisdictional prerequisite which must affirmatively appear upon the record, and will not be supplied by implication or intendment.   *Railroad v. Young*, 96 Mo. 39.   Notice was necessary to confer jurisdiction, and the attempt of the board to act in the premises, without giving the notice, was a violation of the constitutional right of petitioners to be present and to be heard in all proceedings where their rights are affected.   *Mining Co. v. Neptune, supra.*   The attempt to increase the valuation being void and without authority of law, the taxes levied and extended upon such increased valuation are also illegal and void.   *Ranney v. Bader*, 67 Mo. 478.   When one's assessment has been increased, without giving him the notice to which he is entitled, he is denied a substantial right, and is entitled to an adequate remedy.   Cooley on Taxation [ 2 Ed. ] 777.   The tax-payer need not wait until the tax collector comes around, but may institute his proceeding to enjoin the collection of the tax even before the tax-books are delivered into the hands of the collector.   *Morrer v. Helferstine, supra ; Ranney v. Bader, supra*, and cases cited ; High on Inj. [ 2 Ed. ] 327 ; 47 Mo. 478.

THOMPSON, J., delivered the opinion of the court.

This action was prosecuted to enjoin a tax collector from collecting the taxes assessed against certain lands owned by the several plaintiffs.   At the final hearing

the temporary injunction which had been previously granted was made perpetual, and the tax collector prosecutes this appeal.

The petition sets up, among other things which need not be recited, that the county board of equalization, at its regular meeting on the first Monday of April, 1887, without any legal authority whatever and without any notice to these plaintiffs, raised the valuation of the lands of these plaintiffs, in addition to the assessment of 1886, as hereafter shown. That after such increase of valuation had been made, the said board of equalization adjourned without giving these plaintiffs any notice of such increase of valuations, and without appointing a time or place or giving notice of time or place for hearing reasons, if any, why such increase in the assessed valuation of said lands should not be made. That said board of equalization assumed to act without being legally organized in this, that the record of said board fails to show that said board was ever sworn by the clerk of said county "fairly and impartially to equalize the valuation of all the taxable property in the county." That the record of said board of equalization further shows that said board of equalization was illegally organized in this, that, in addition to its being composed of the county clerk, surveyor, assessor and the judges of the county court, as prescribed by the statute, the sheriff of Oregon county was made a member of said board. That the said board of equalization combined and conspired to do an illegal act in this, that they agreed and conspired to increase the lands of non-resident owners to a greater value than other lands in said county of the same kind and value owned by residents of said county. That the acts of said board were unconstitutional in this, that said board discriminated in the assessment and valuation of lands of the same kind and value between citizens of this state and citizens of a foreign state. That the records of said board of equalization

fail to show that any notice of said increased valuation
was ever given, or that such notice was ever ordered to
be given.    That the board of appeals, in and for said
county, met on the fourth Monday of April, 1887, with-
out being sworn or otherwise organized, and the record
of the said board of appeals fails to show any order of
adjournment, or that any notice was given to plaintiffs
of the meeting of said board of appeals.    The plaintiffs
express their readiness and willingness to pay the taxes
assessed by the assessor of the county upon their respect-
ive lands and allege that they have tendered said taxes
to the collector, and ask for an injunction against the
collection of the taxes as thus increased by the board of
equalization.    They embody in their petition a schedule
of the land owned by the different plaintiffs in the county,
showing the number of acres in each tract and its descrip-
tion, its valuation by the assessor, and also its valua-
tion by the board of equalization,—from which it appears
that the board of equalization made a considerable
increase in the assessment of all the tracts included in
the list, in many cases doubling that of the assessor.

The answer admits that defendant is the collector
of revenue for the county of Oregon, and that the
plaintiffs have tendered the taxes as they allege, and
that he is about to collect the whole of such taxes, but
denies each and every other allegation in the petition.
The remaining portion of the answer is in the nature of
a demurrer, and we suppose it was drawn under the
conception that, under section 3517, Revised Statutes, a
party may demur and answer at the same time and by
the same pleading, which we do not understand to be
the practice.    He may demur to one part of the peti-
tion and answer to another ; but the object of demurrer
is essentially different from that of an answer, and he
cannot do both at the same time and in the same plead-
ing.    That portion of the answer which is in the nature
of a demurrer states that the facts stated in the petition

do not constitute a cause of action; that they show on their face that the plaintiffs have an adequate remedy at law ; and that, the plaintiffs not being joint owners of the lands mentioned in their petition, but separate and distinct owners of separate and distinct tracts and parcels, there is a misjoinder of parties plaintiff and also a misjoinder of causes of action.   To make this last point more clear, we may add that it was admitted on trial that the plaintiffs are not joint owners of the different tracts of land which are catalogued in their respective names in their petition ; but this also appears from the petition.

A misjoinder of parties can only be taken advantage of by demurrer where, as here, the misjoinder appears on the face of the petition.   R. S., sec. 3515 ; *Kellogg v. Malin*, 62 Mo. 429 ; *Edmondson v. Phillips*, 73 Mo. 60.   Where matter of demurrer, for causes apparent on the face of the petition, is blended with matter pleadable by way of answer, as in this case, the objection for misjoinder of parties plaintiff and causes of action is not properly raised in so much of the defensive pleading as consists of matter of demurrer, and is therefore waived.   Although there is a clear misjoinder of parties plaintiff and causes of action, apparent on the face of the petition, we do not see that, in the state of the record, the circuit court can be put in the wrong on this ground.

This matter, however, becomes immaterial; since the evidence adduced at the hearing entirely overthrew the allegations of the petition.   So much of the record of the county court of Oregon county as exhibited the manner in which the county board of equalization was organized at its meeting on the first Monday of April, 1887, was put in evidence by the plaintiffs, and the plaintiffs thereupon rested.   The entries thus put in evidence, excluding the certificates of the clerk, were as follows :

"State of Missouri, } ss.
"County of Oregon, }

"In the County Court of Oregon County, at the April term, 1887, held on the 4th day of April, 1887, among others were the following proceedings: The County Board of Equalization met in pursuance to law. Present: A. P. Couch, Presiding Judge of the County Court; John Franks and John Harder, Associate Justices of the County Court; J. A. Jones, Assessor; Wade Heiskell, Surveyor; J. B. Johnson, County Clerk, and J. J. Pierce, Sheriff: where the following proceedings were had, viz."

"State of Missouri, } ss.
"County of Oregon, }

"In the County Court of Oregon County, at the April term, 1887, held on the 25th day of April, 1887, among others were the following proceedings: Monday, April 25, 1887. The Board of Appeals met pursuant to adjournment. Present: A. P. Couch, Presiding Judge; John Franks and John Harder, Associate Judges; James A. Jones, Assessor; J. B. Johnson, Clerk; J. J. Pierce, Sheriff: when the following proceedings were had, viz."

It is perceived that these are the opening recitals of the records of the two successive meetings required to be held by the county board of equalization at a stated period in each year. The first meeting is required to be held on the first Monday in April of each year (2 R. S., sec. 6671); at which meeting it is the duty of the board to equalize the valuation and assessment of all taxable property in the county. 2 R. S., sec. 6672. The second meeting of the same board takes place on the fourth Monday of April of the same year, at which it is the duty of the board, in cases where it has at its previous meeting increased the valuation of property, "to hear reasons, if any be given, why such increase should not be made." 2 R. S., sec. 6673. Thus, at the first meeting above recited, the board of equalization of Oregon

county met to perform its duties as such board; and at the second meeting the board met on the day appointed by law to hear appeals from its action at the previous meeting.

The first objection to the validity of the board of equalization of Oregon county, as its constitution is thus recited, is, that the sheriff appears to have been present as a member of the board. We are not prepared to say that this objection would be well taken if it rests upon the record alone; for *non constat* but that the sheriff may have been present attending *ex officio*, just as he attends upon the circuit court and upon the county court during their ordinary sessions; and such is shown by uncontradicted oral testimony to have been the fact. If it is answered that this question must be tried by the record, the reply is that this is a proceeding in equity, and is not a proceeding by *certiorari* to the county court; and that when a person comes into a court of equity and asks for extraordinary relief by injunction, the court proceeds according to the *real truth* of the case. This objection is therefore deprived of any merit which can be regarded in this proceeding.

The second objection, that the board were not sworn, becomes equally untenable for the purposes of this proceeding, in view of the fact that the uncontradicted evidence of the clerk is to the effect that he orally administered to the members of the board the statutory oath.

The only other substantial ground upon which the plaintiffs rest their claim for an injunction is that the county court proceeded to raise the value of the assessment of their respective lands, which had been made by the assessor on the previous year, without giving them notice that the valuation was so raised. It is true that the statute (2 R. S., sec. 6673) provides that "after the board shall have raised the valuation of such real estate, it shall give public notice of the fact, specifying

the property and the amount raised, either by an advertisement in a newspaper published in the county, or, if there be none, then by posters, one to be put up in each township, and that said board will meet on the fourth Monday of April to hear reasons, if any may be given, why such increase should not be made." The allegation of want of the statutory notice is in no manner supported by the evidence introduced on the part of the plaintiffs. They introduced only the caption of the records of the two successive meetings of the county board of equalization, and rested. There is nothing in the recitals of the portions of the record which they introduced which is inconsistent with the idea that the statutory notice may have been given. But it is immaterial for the purposes of this case whether it was given or not, because the defendant put in evidence other portions of the record which showed that most of these plaintiffs were present at the second meeting of the county board and that each of those who were thus present had prosecuted an appeal from the decision of the board at its first meeting increasing the valuation of their respective lands, that their respective appeals were denied, and that they thereupon prayed for appeals to the circuit court, which were granted. Actual knowledge rendered the want of the statutory notice harmless to them ; and for the purposes of the joint action which they have elected to bring, knowl-edge on the part of some may be regarded as the knowledge of all. It is idle for a party, who in fact had notice and who was present and who was heard in a judicial or *quasi*-judicial proceeding, to present himself in a court of equity and ask for an injunction against enforcing the judgment given in such a pro-ceeding, on the ground that the technical statutory notice to him had not been given.

We of course concede that some form of notice is
VOL. xxxiv—7

necessary where an equalizing board increases the assessment of one's property. In the present case, the statute provides for it and prescribes the manner in which it shall be given. While some form of notice is undoubtedly necessary, whether the statute provides for it or not ( as we held in *State ex rel. v. Hotel Co.*, 9 Mo. App. 450, and as the Kansas City court of appeals held in *Rich Hill Coal Mining Co. v. Neptune*, 19 Mo. App. 438 ), to satisfy the constitutional rights of the citizen,— yet it does not follow that personal notice is necessary, and, on the most obvious grounds, any defect of notice is cured by actual knowledge on the part of the taxpayer, and by the fact of his appearing and being heard in opposition to the increase of assessment.

We rest our decision upon the failure of the plaintiffs to establish by evidence the grounds on which they have asked for this injunction. We do not wish to be understood as intimating an opinion, one way or the other, whether those grounds, if established by the evidence, would have been sufficient.

The decree making the injunction perpetual is not supportable upon any theory which we can understand. It is accordingly reversed, and the cause is remanded with directions to the circuit court to enter a judgment in favor of the defendant, dissolving the injunction. All the judges concur.