O. A. JONES, Respondent, v. THE ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY et al., Appellants.

Kansas City Court of Appeals, June 3, 1901.

1. Jurisdiction: SUBJECT-MATTER: PERSON: APPEARANCE: TRIAL PRACTICE. Where the court has jurisdiction of the subject-matter and the defendant appears and answers over without raising the question of jurisdiction, it waives the jurisdiction of the person, and may not thereafter raise that question. *Arguendo*, if a petition does not show sufficient joint liability to give the court jurisdiction of a non-resident defendant, he should demur, not answer.

2. Parties: MISJOINDER: ANSWER: WAIVER. If a misjoinder of parties appear in the petition, it is waived by answer and should be raised by demurrer.

3. **Action:** JOINDER: EX CONTRACTU: EX DELICTO: COMMON CARRIERS. An action against a common carrier for negligence is bottomed on a violation of public duty imposed by law and is not an action upon the contract but upon a tort; and where two carriers are sued for the same negligence there is no misjoinder of causes of action.

4. **Common Carriers:** CONNECTING CARRIER: LIABILITY BEYOND LINE. A carrier contracting to deliver goods or persons at their destination can not exempt himself from liability on account of the negligence of a connecting carrier.

5. ———: CONTRACT: LIABILITY BEYOND LINE. A contract issued by the Frisco road to deliver cattle at Kansas City, on which it received the through freight, is examined and held to be a shipment to Kansas City station and not to a connection with the Belt line; and its liability continued to such station.

6. ———: ———: ———: STOCK SHIPPER. *Held* that said line on such contract was liable for personal injury received by a stock shipper through the negligence of the Belt line.

7. **Trial Practice:** SUFFICIENCY OF VERDICT. Where a jury were instructed that they might find against one or both of the defendants and return a verdict merely in favor of the plaintiff, it is presumed that their finding is against both defendants.

Appeal from Barton Circuit Court.—*Hon. H. C. Timmonds,* Judge.

AFFIRMED.

*L. F. Parker* and *John H. Lucas* for appellant Frisco railroad.

(1) The court erred in submitting the case to the jury as against the St. Louis & San Francisco Railroad Company. This company, on the plaintiff's own showing, had completed its contract, and the court, on the plaintiff's evidence, ought to have so declared. McCarty v. Railroad, 9 Mo. App. 159; Goldsmith v. Railroad, 12 Mo. App. 483; Bennitt v. Railroad,

46 Mo. App. 656; Minter v. Railroad, 56 Mo. App. 282; Hance v. Railroad, 56 Mo. App. 476; Holloway v. Railroad, 62 Mo. App. 53; Bank v. Railroad, 72 Mo. App. 82; Hoagland·v. Railroad, 39 Mo. 451; Snider v. Ex. Co., 63 Mo. 376; Smith v. Railroad, 85 Mo. 418; Nines v. Railroad, 107 Mo. 475; McCann v. Eddy, 133 Mo. 59; Elevator Co. v. Railroad, 138 Mo. 658. (2) The court erred in giving instruction number one, of its own motion. It wholly fails to require the jury to find the negligence charged in the petition, but leaves the jury to find any act of negligence, whether specified in the petition or not. Chitty v. Railroad, 148 Mo. 64; Colliott v. Mfg. Co., 71 Mo. App. 163; Schlereth v. Railroad, 96 Mo. 509; State v. Sitlington, 51 Mo. App. 252; Scott v. Allenbaugh, 50 Mo. App. 130; Dalhstrom v. St. L. & I. M., 96 Mo. 99. (3) The court declared, instruction three, that if the jury should find that plaintiff was carried to Kansas City station, then there could be no recovery. Spooner v. Railroad, 23 Mo. App. 403; Doty v. Steinberg, 25 Mo. App. 328; O'Donnell v. Railroad, 7 Mo. App. 190; Walton v. Railroad, 49 Mo. App. 620; Spohn v. Railroad, 87 Mo. 74. (4) The court erred in refusing to give instructions numbered one, two, three, four, five and six, as prayed by· this defendant. See authorities subdivision 1; Hyde v. Railroad, 110 Mo. 272; Koontz v. Kaufman, 31 Mo. App. 397. (5) The verdict herein is insufficient to authorize a judgment against this defendant, being so indefinite and uncertain that no judgment can be entered thereon. The court instructed the jury that they could find a verdict against both, or either defendant; how can the court say on this verdict that judgment should be against this defendant? Kenney v. Railroad, 79 Mo. App. 209.

*Lathrop, Morrow, Fox & Moore* for appellant Belt railroad.

(1) It is apparent from the face of the record that the action against the Frisco road was upon contract, while the action against the Suburban Belt road was in tort. The court's instructions were framed so as to permit a recovery upon contract against the former, and in tort against the latter. It is the settled law in this State that actions upon contract and tort can not be thus joined. Phillips v. Flynn, 71 Mo. 424; Hoagland v. Railroad, 39 Mo. 457; Southworth Co. v. Lamb, 82 Mo. 242; Jamison v. Copher, 35 Mo. 483; Ederlin v. Judge, 36 Mo. 350; Liney v. Martin, 29 Mo. 28. The court erred in giving its instruction numbered one. (3) The cause of action not being joint and not arising, so far as the Belt road is concerned, in Polk county, and the Belt road having no office or place of business in Polk or Barton counties, the court was without jurisdiction over the defendant Belt road. R. S. 1899, sec. 997; Graham v. Ringo, 67 Mo. 325.

*C. W. Hamlin* and *O. T. Hamlin* for respondents.

(1) A common carrier, receiving goods destined to a point beyond the terminus of its own line, and agreeing for a stipulated price to safely deliver to destination, can not by mere statement in the shipping contract, limit its liability for negligence to the terminus of its own line. R. S. 1899, sec. 5222; Dimmitt v. Railroad, 103 Mo. 433; Eckles v. Railroad, 72 Mo. App. 296; McCann v. Eddy, 133 Mo. 59; Davis v. Railroad, 126 Mo. 69. (2) The court very properly submitted, by instructions, the question to the jury, "What point was meant as Kansas City station in shipping contract?" And the verdict of the jury on that point will not be disturbed by this court. Fulkerson v. Long, 63 Mo. App. 268; Garneau v. Herthel, 15 Mo. 191; Bray v. Kremp, 113 Mo. 552; Grove v. Kansas City, 75 Mo. 672; Pierce v. Chamberlain, 82 Mo. 618.

(3) The verdict in this case is not subject to the objection appellant seeks to make against it, viz., that it is too indefinite and uncertain, etc. This action was against two defendants jointly. The instruction authorized a verdict against both defendants jointly. Defect as to form of verdict should be first called to the attention of the trial court. Speer v. Burlingame, 61 Mo. App. 75. This was not done in this case, consequently they can not now complain. (4) The relation existing between these appellants was more than ordinary connecting carriers—so far as the Frisco's Kansas City business is concerned the Frisco and Belt line were one and the same road. One the principal, the other the agent. The principal is liable for the acts of its agent acting in the line of his employment. Meade v. Railroad, 68 Mo. App. 92; Canfield v. Railroad, 59 Mo. App. 354; Hartman v. Muehlbach, 64 Mo. App. 565; Ridge v. Transfer Co., 56 Mo. App. 133; Snyder v. Railroad, 112 Mo. 527; Cousins v. Railroad, 66 Mo. 572; Sherman v. Railroad, 72 Mo. 63; Boogher v. Ins. Co., 75 Mo. 319. (5) The agent is also liable to third parties for his misfeasance. Harriman v. Stowe, 57 Mo. 93; Lottman v. Barnett, 62 Mo. 159; Phelps v. Wait, 30 N. Y. 78; Steinhauser v. Spraul, 127 Mo. 547. Negligence in an agent is misfeasance, and a wrong for which he is liable to third parties. Harriman v. Stowe, 57 Mo. 93; Lottman v. Barnett, 62 Mo. 159; Patterson Ry. Accident Law, sec. 357, p. 414. (6) The Belt line company being jointly liable with the Frisco company, the plaintiff properly sued in Polk county, but on the other hand, if the Belt line company's contention that the Polk circuit court had no jurisdiction of them be correct, they waived that by voluntarily appearing in said court, filing their answer, submitting to its jurisdiction, and applying for and obtaining a change of venue to Barton county and voluntarily appearing

Vol 89 app—42

there and submitting to that court's jurisdiction. Appearing and pleading to the merits waives all but two things: First, that the petition does not state facts sufficient to constitute a cause of action; second, that the court has no jurisdiction over the subject-matter of the action. El Frank v. Seiler, 54 Mo. 134; Pomeroy v. Benton, 57 Mo. 531; Thompson v. School District, 71 Mo. 495; Young v. Dubach, 82 Mo. 475; Grove v. City of Kansas, 75 Mo. 672; R. S. 1899, sec. 602; Southworth Co. v. Lamb, 82 Mo. 242; Jamison v. Copher, 35 Mo. 483; Paddock v. Somes, 102 Mo. 226, et seq.; Kincaid v. Storz, 52 Mo. App. 564; Buck v. Railway, 46 Mo. App. 555; Leonard v. Railroad, 56 M. H. 566; Dodson v. Lomax, 113 Mo. 555; Boland v. Ross, 120 Mo. 208. Too late to complain after verdict. Revised Statutes 1899, section 672. (7) The gist of the complaint in this case is negligence on the part of the agent for which both principal and agent are liable to the plaintiff. Story on Agency, secs. 308, 309, p. 416, et seq. An agent is liable not only to its principal but to third parties for misfeasances. Harriman v. Stowe, 57 Mo. 93; Lottman v. Barnett, 62 Mo. 168; Phelps v. Wait, 30 N. Y. 78; Steinhauser v. Spraul, 127 Mo. 541; Patterson's Ry. Accident Law, sec. 357, p. 414; Stanley v. Bircher, 78 Mo. 245; Blair v. Railroad, 89 Mo. 334.

BROADDUS, J.—This is a suit for personal injury commenced in Polk county on June 5, 1899, where plaintiff resided, and taken by change of venue to Barton county where it was tried. The petition alleges substantially: That on the eighth day of December, 1898, plaintiff entered into a contract with defendant, the St. Louis & San Francisco Railroad Company, to carry certain live-stock from Flemington, Missouri, to Kansas City, Missouri; that under the terms of said contract, the plaintiff was entitled to accompany them free of

charge; that on said day defendant accepted said live-stock with the plaintiff as a passenger; that on the night of December 9, 1898, said live-stock and plaintiff on defendant's train arrived at Coberg, or Sheffield, at which time with other passengers, he was informed by said defendant's conductor that he would have to change to another caboose, as the one they had been occupying would go no further; that in pursuance of the direction of said conductor, he entered with others another caboose which was operated by the defendant, the Kansas City Surburban Belt Railway Company; that said caboose was by the agents of the latter company negligently and recklessly driven ahead on the front end of the train; and while so driven came in contact with a steam engine going in an opposite direction on the same track, whereby the caboose was wrecked and the plaintiff was greatly injured. Plaintiff further alleges that the defendant, the St. Louis and San Francisco Railroad Company agreed to deliver him and his stock at the stock yards in Kansas City, Missouri; but that instead of doing so, carelessly and negligently, and with utter indifference to the rights of plaintiff, compelled him to take the caboose of the Belt Railroad Company, aforesaid.

On the twenty-eighth day of November, 1899, the Belt Railroad Company filed its answer; and on the ninth day of December, following, it filed an application for a change of venue which was sustained and the venue of the case changed to Barton county. On the ninth day of January, 1900, it filed its application for a special venire, which was afterwards withdrawn; and on the thirteenth day of January it filed an amended answer, which after setting forth a general denial of the allegations of the petition, as a special defense alleged that the defendant had at no time a resident business office in said county of Polk, and that the defendants are not jointly liable on the cause of action set out in the petition, therefore, the cir-

cuit court of Barton county had no jurisdiction of the person of the defendant.

The defendant, the St. Louis & San Francisco Railroad Company filed its answer admitting its corporate existence, and denying the other allegations of the petition generally. The answer further alleged contributory negligence and a special defense as follows: Admits receiving the cattle at Flemington station, which it alleges were consigned to Larimer-Bridgeford Commission Company, and which it agreed to transport to Kansas City station; that said commission company does business at the stock yards in Kansas City, to which place defendant had no line of railroad; that defendant delivers to its co-defendant, its connecting carrier, at its station in Kansas City, known as Knoche station, all stock destined for said stock yards; and that it was agreed between plaintiff and the defendant that if the destination of such cars be beyond its line, then its connecting carrier agreed on receiving said cars for transportation to adopt the terms of the contract between it and the plaintiff, with the liabilities and limitation of liability, etc. The answer then proceeds to set out that a railroad company known as the Kansas City, Osceola & Southern Railway Company, the owner of the railroad which it was operating, had an agreement with its co-defendant, the Belt Railroad Company, by the terms of which the latter company bound itself to be held liable for any damages to equipment, property or person which shall occur by reason of the negligence of any of its employees, etc.; and that it delivered the cars on which the plaintiff and his stock were being transported to its co-defendant at its station in Kansas City known as Knoche Junction, where defendant's liability ceased.

The jury, under the evidence and instructions of the court, returned a verdict against both defendants for the sum of $2,000, upon which judgment was duly rendered and from

which finding and judgment both defendants have appealed.

As each appellant has, in the main, separate and distinct defenses and urge separate and distinct grounds for a reversal of the cause, these grounds will have to be considered separately, in most instances. There is, however, this in common to both defendants: that the allegations of negligence on the part of those who were operating the train of cars containing plaintiff and his stock, must have been sustained by the evidence before either could be held liable. The evidence which is noticed in the case of Fleming v. the defendants herein—decided at this term of court—shows that the agents of the Belt Railroad Company were guilty of the grossest negligence in the management of said train on which plaintiff was a passenger.

The Belt Railroad Company contends: "The cause of action not being joint and not arising so far as it is concerned in Polk county, and it having no office or place of business there, or in Barton county, the court was without jurisdiction over it, the Belt Railroad Company." It can not be disputed that Polk county, where the suit was begun—but afterwards taken to Barton county on change of venue—had jurisdiction of the subject-matter in controversy. The next thing to consider is, did the court of Polk county get jurisdiction of the person of the defendant? There can be nothing in the contention of the Belt Company, even if it is admitted that the petition does not allege joint liability of defendants, so far as the question of jurisdiction goes. If this question is in the case it appears upon the face of the petition, and the Belt company should have demurred to it for that reason; but having answered without so doing, it waived jurisdiction. It not only answered, but obtained a change of venue from Polk county to Barton county; and even after that, demanded a special venire before it interposed the special defense that the court

had no jurisdiction over it. A party to a suit when the court has jurisdiction of the subject-matter in controversy, ought not to be permitted to try or partially try his case and then be allowed to interpose the objection that the court has no jurisdiction over his person. The defendant in the case at bar was too late with its plea. Boland v. Ross, 120 Mo. 208; Dodson v. Lomax, 113 Mo. 555.

It is also claimed that there was a misjoinder of parties, but if this be true it was apparent on the face of the petition; and it was also waived by a failure upon the part of defendant to demur. It waived the question by filing answer. Taber v. Wilson, 34 Mo. App. 89; Bensieck v. Cook, 110 Mo. 173; Kellog v. Malin, 62 Mo. 429; Edmonson v. Phillips, 73 Mo. 60.

It is further insisted that there is a misjoinder of causes of action, viz.: That it is an action *ex contractu* against one defendant and an action *ex delicto* against the other defendant. It has been held by the Supreme Court of this State that an injury may arise as an incident or breach of contract; the tort does not spring from nor arise out of a breach of contract, but the action lies against the carrier on the custom of the realm. The action is bottomed on a violation of public duty, a duty which the law imposes independent of contract. Blair v. Railroad, 89 Mo. 334; Stanley v. Bircher, 78 Mo. 245. In the case at bar, the action is "bottomed" on a violation of public duty: a duty which the law imposed independent of the contract referred to in plaintiff's petition, to safely transport the plaintiff to his place of destination. The action is founded upon the negligence of the Belt railroad in managing its train of cars upon which plaintiff was a passenger. Consequently, the action is not upon a contract, but upon a tort; and as both defendants are sued for the same tort, there was no misjoinder of causes of action.

The defendant, St. Louis & San Francisco Railroad Com-

pany seeks to avoid liability under its contract read in evidence.
This contract is to the effect: that if the destination of such
cars be beyond its line, its liability terminates upon delivery
to its connecting carrier.   It has been held that when a com-
mon carrier receives property to be transported to a place be-
yond its terminus, it is liable as such carrier to the place of
destination of the property, in the absence of a special contract
to carry only to the terminus of its own route.   Dimmitt v.
Railroad, 103 Mo. 433.   But in a more recent case that case
was overruled and the rule laid down as follows:   "We can
not, therefore, give such an interpretation to the statute as
would permit a carrier to contract for a through shipment and
at the same time exempt himself from liability on account of
the negligence of connecting carriers."   McCann v. Eddy, 133
Mo. 59; Eckles v. Railroad, 72 Mo. App. 296.

But it is contended that the contract in question, notwith-
standing it provides for the shipment of the stock to Kansas
City, its meaning was Knoche station, that being the Kansas
City station of the defendant, the St. Louis & San Francisco
Railroad Company.   But the language of the contract does not
bear out such construction.   Their destination, under the con-
tract, was to Kansas City station, Larimer-Bridgeford Com-
mission Company, consignee.   The evidence showed that the
place of business of said consignee was the stock yards, Kansas
City—that that was their destination.   It must be held as the
said St. Louis & San Francisco Railroad Company received the
pay for through shipment to Larimer-Bridgeford Commission
Company at the Kansas City stock yards, that the Kansas City
stock yards was the destination intended under the contract,
and not Knoche station.   The ruling in the case of McCann v.
Eddy, supra, being the latest declaration of law on the ques-
tion, we must hold that the undertaking by the St. Louis &
San Francisco Railroad Company was for a through shipment,

and that consequently its liability as common carrier did not cease at Knoche station.

We have been discussing, in a general way, the liability of the St. Louis & San Francisco Railroad Company as presented to us by the argument of counsel. But the real question is: Was the last-named company liable under its undertaking for the safe delivery of the plaintiff as a passenger to the end of his destination? This, however, is not an open question. The contract to deliver plaintiff's cattle at Kansas City and the taking of him aboard its cars as a passenger to accompany them to their destination, was at least an implied contract to deliver him safely; and the fact that the Belt line company was the connecting line, as has been stated, and was by its negligence the direct author of plaintiff's injury, did not exonerate said St. Louis & San Francisco Railroad Company from liability. See Cherry v. Railway Co., 61 Mo. App. 303, and the many cases there cited.

The criticism of the appellant, the St. Louis & San Francisco Railroad Company on the verdict of the jury is not justified. "We the jury find the issues in favor of the plaintiff," is said to be uncertain, and the question is asked: "Against whom did they find?" As the jury had been told they might find against one or both of the defendants, it is intimated that they should have stated whether their finding was against both; and if not against both, then against which defendant. The inference is clear that the jury intended to find against both. The presumption is, that if they had only intended to find against one of the defendants they would have so stated and designated which one.

The criticism upon the first instruction given for plaintiff is not justified by either the facts in the case or the language of the instruction itself. The conclusion arrived at dispenses with the necessity of passing on the objections to instructions given

and exceptions taken to the action of the court for those refused.

Finding no error in the record the cause is affirmed. All concur.