TENNENT SHOE COMPANY et al., Respondents, v. JOHN T. BIRDSEYE, Appellant.

Kansas City Court of Appeals, February 15, 1904.

1. PARTNERSHIP: Damages: Law: Equity: Individual Liability of Partner: Pleading. A petition against a partnership is examined and held to be an action at law for damages and not a proceeding in equity and it is further held that such action may be maintained against an individual partner after it is ascertained that the partnership itself is not liable and the other partner is dismissed from the cause, especially where the petition shows the liability of such retained partner.

2. TRIAL PRACTICE: Pleading: Misjoinder: Judgment. A judgment can not be invalidated for a misjoinder of parties plaintiff.

3. PARTNERSHIP: Knowledge of Copartner: Notice: Trustee. The fact that a trustee's partner may have knowledge of transactions not within the scope of the partnership will not effect the trustee with notice on such matter.

4. WITNESSES: Evidence: Impeachment. A deposition in a former suit is held competent to impeach a witness in a later suit involving the same matter.

5. EVIDENCE: Notes: Mortgage. Where several parties holding separate notes secured by the same mortgage of parties plaintiff in a damage suit against a trustee the mortgage describing the notes is competent evidence.

Appeal from Vernon Circuit Court.—*Hon. H. C. Timmonds,* Judge.

REVERSED AND REMANDED.

*J. B. Johnson* for appellant.

(1) This is a case strictly in equity, and the issues should not have been tried by a jury. 22 Encyclopedia of Pleading and Practice, pages 135, 136 and 138; In re Ferguson Estate, 124 Mo. 583; State to use Kelley v. Thornton, 56 Mo. 325; Dillion, Admr., v. Bates & Co., 39 Mo. 299; Carr v. Waldron, 44 Mo. 393. (2) Having elected to sue the defendants, as partners, the action is against them jointly, and a joint liability must be alleged in the petition or there will be no cause of action stated. Steans v. Aguire, 6 Cal. 176; Downey v. Bank, 13 S. and R. 288; Walter v. Ginrich, 2 Watts 204. (3) There can not be a partnership in a trusteeship—it is strictly a personal matter. Parsons on Partnership (2 Ed.), 38, star page 37; Kelsay v. Bank, 166 Mo. 157; Bank v. Barksdale, 36 Mo. 563; Seeley v. Beck, 42 Mo. 143; Bales v. Perry, 51 Mo. 449. (4) Information received by one partner is not constructive notice to his partner acting in the capacity of a trustee. Benton v. Bank, 122 Mo. 332. Nor is information acquired by Birdseye, as attorney, notice to him as trustee. Am. & Eng. Encyclopedia (2 Ed.), 587. (5) Evidence of the claim of privilege in another case is incompetent to effect the credibility of a witness. Cane v. Litchfield, 2 Mich. 340; People v. Wilson, 55 Mich. 506; State v. Bailey, 54 Ia. 414; Hirsch v. Green, 83 Mo. App. 486; State v. Grant, 144 Mo. 65.

*C. H. Graves* and *M. T. January* for respondents.

(1)   A party injured by an irregular or tortious sale under a deed of trust need not move to set the sale aside.   He has his action against the trustee for damages.   Sherwood v. Saxton, 63 Mo. 78; Tobener v. Hassinbush, 56 Mo. App. 591; Price v. Blankenship, 124 Mo. 203.   (2)   An equitable right may be enforced in a legal action.   Morse v. Bates, 74 S. W. 439; Tobener v. Hassinbush, 56 Mo. App. 591.   (3)   It is the duty of the trustee in a deed of trust to act fairly in a sale under his power and protect the rights of parties interested in the property.   2 Jones on Mortgages (3 Ed.), sec. 1906, note; Josephena Stoffel v. Schroeder, 62 Mo. 147; Sherwood v. Saxton, 63 Mo. 78.   (4)   It is the settled law that it is the duty of a trustee in a deed of trust, after a sale under a prior trust deed, to apply the surplus on subsequent liens of which he has notice, in the order of their priority.   Abbe v. Justus, 60 Mo. App. 300.   (5)   A mortgage alone is prima facie evidence of indebtedness.   Janssen & Freyschlag v. Stone, 60 Mo. App. 402; Carder v. Primm, 47 Mo. App. 301; 2 Jones on Mortgages (3 Ed.), sec. 1295.   (6) Where two or more creditors join in taking security for their several debts they hold as tenants in common.   17 Am. and Eng. Ency. of Law (2 Ed.), 666; 5 Am. & Eng. Ency. of Law, 956; Jones on Chattel Mortgages (2 Ed.), sec. 49.   (7)   Misjoinder of parties plaintiff, or defendant, can be taken advantage of only by demurrer or answer, and if objection is not so taken it is waived.   Luecke v. Tredway, 45 Mo. App. 507; Jones v. Railroad, 89 Mo. App. 653.

BROADDUS, J.—Substantially the allegations of the petition are as follows:

That defendants were at all times mentioned in the petition engaged in the practice of law.   That on the first day of August, 1902, one W. T. Thorp was the

owner of 240 acres of land situated in Vernon county; that said land was encumbered with three trust deeds as follows: The first in favor of Walton Trust Company, securing a note in the sum of $2,400; the second in favor of Calvin W. Bryant, securing a note in the sum of $1,500; and the third dated the eighth of February, 1902, executed by said W. T. Thorp, securing notes in favor of plaintiffs in the sum of $1,500.97, all of said notes being dated February 8, 1902, bearing eight per cent interest and falling due June 1, 1902. That defendant John T. Birdseye was trustee in said second trust deed; that the firm of Birdseye & Harris held for collection the note secured by said second trust deed; that on or about the first day of August, 1902, said Thorp, owner of land aforesaid, entered into a contract with one Enos Simon, by which said Simon agreed to purchase said land for the price of $6,600, which said sum said Simon was ready, willing and able to pay within 25 days from date of said contract; that defendants Birdseye & Harris had notice of said contract of sale soon after the same was made, and also had notice of the third trust deed held by these plaintiffs; but said defendant, Birdseye, trustee as aforesaid, under pretense of enforcing payment of the note held by his said firm for collection, said note being secured by said second trust deed in favor of Bryant, but in reality for the purpose of cutting out the third deed of trust held by these plaintiffs, and for no other purpose, proceeded to advertise said property for sale under said second trust deed, and did on Sept. 6, 1902, sell said land at trustee's sale to said Enos Simon for the nominal consideration of $1,500, but before delivering the trustee's deed, collected from said Simon the contract price aforesaid of $6,600, of which amount the sum of $2,520 was applied to the payment of said first trust deed in favor of Walton Trust Co., and the sum of $1,630.20 was applied to the payment of said second trust deed in favor of Calvin W. Bryant, and the balance amounting to the

sum of $2,449.30, was either retained by said Birdseye
& Harris or paid over to said W. T. Thorp; that said
Thorp is insolvent, and by means of and by reason of
the wrongful act aforesaid of defendants, plaintiffs
have been deprived of their said security and have lost
their said debt, to their damage in the sum of $1,500.97,
with interest thereon at eight per cent from February
8, 1902, for which sum they pray judgment, and for
costs.

The evidence introduced tended to support the
allegations of the petition. At the beginning of the
trial defendants objected to the introduction of any evi-
dence because the petition did not state a cause of ac-
tion, but the objection was overruled, which is assigned
an error.

Whatever Harris did as a member of the partner-
ship must be attributed to the firm and not to the trustee.
And whatever act Birdseye performed in the discharge
of his trust was the act of the trustee and in no sense
the act of the firm. It can not be controverted suc-
cessfully that, as a partnership the defendants owed
any duty to the plaintiff because of the fact that one of
its members was the trustee in question. This is not
an equitable proceeding in any sense but a suit at law
for damages for the wrongful acts charged. The
court very properly held that a case was not made out
against the partnership but allowed the trial to proceed
against the defendant Birdseye alone; and we think in
that respect the court was right. It does not neces-
sarily follow because the form of the action is somewhat
in the nature of a proceeding against the partnership
that no judgment can be rendered against one of the
defendants and in favor of the other, if there be enough
stated to show the individual liability of the one and
not the other. And an inspection of the petition does
show on its face that only defendant Birdseye was
liable.

It is insisted at the outset that there was a mis-

joinder of party plaintiffs, and this was true. But it is a plain provision of the statute that no judgment shall be invalidated for such a cause. Section 672, R. S. 1899; Jones v. Railroad, 89 Mo. App. 653.

The defendant asked the following instruction, number thirteen: "The court instructs the jury that what the defendant, J. B. Harris, knew or did, as the law partner of J. B. Birdseye, does not have any effect on the said Birdseye, as trustee, so that if you believe from the evidence that said Birdseye as trustee in the second deed of trust, honestly and in good faith, foreclosed said second deed of trust to enforce the payment of the note due Calvin Bryant, then your verdict should be for the defendants." This instruction should have been given for the reason already assigned, that the cause of action was substantially against defendant Birdseye and not against the partnership. It was not such information as to give notice to the trustee. It was held in Benton v. Bank, 122 Mo. 332: "When one is an officer of two corporations and they have business transactions with each other, the knowledge of the common officer can not be attributed to either corporation in a matter in which he did not represent it." The principle of the rule applies to this case. The information Harris received could not be attributed to the trustee as constructive notice to him under any conceivable theory of the law. If the information of a common officer of two corporations having business transactions with each other can not be attributed to either, we can not see how the information of a member of a firm could be attributed to another member of such firm acting in the capacity of a trustee and not in the business of the firm.

The court erred also in admitting the evidence of Thorp as to his motive in making sale of the land, as he was no party to the suit; and whatever his motive may have been, whether good or bad, had no legitimate bearing on the issue, as it was the motive of the trustee alone that was the subject of the inquiry.

Prior to the beginning of this suit one of the plaintiffs began a separate suit against defendants which was discontinued, but while it was pending notice was given to take defendant's deposition. On being questioned he refused to answer on the ground that his evidence might form the basis for a criminal prosecution against him. On the trial this deposition was read to the jury as evidence tending to impeach him. As he testified fully and without reserve on the trial, and as there was nothing in his evidence that in the least degree would subject him to a criminal prosecution, the evidence was admissible for the purpose for which it was introduced.

There are ten different plaintiffs joined in the petition and it is alleged that they each held a separate note secured by said third deed of trust; but on the trial only eight of these notes were produced but the mortgage itself was read in evidence and described all the ten notes, which was received without objection. This was sufficient.

Other objections made seem to be without foundation.

For errors noted the cause is reversed and remanded. All concur.