H. M. Pettingill et al., Appellants, v. P. M. Jones, Respondent.

St. Louis Court of Appeals, March 9, 1886.

1.  Practice—Misjoinder — Demurrer to Evidence.—An objection that one of several parties plaintiff has no interest in the case, can not be raised by a general demurrer to the evidence.

2.  ——— Instructions—Parties.—In an action by two plaintiffs, an instruction that if the jury find that one of the plaintiffs had no interest in the suit neither of them can recover, is erroneous.

Appeal from the Greene County Circuit Court, W. F. Geiger, Judge.

*Reversed and remanded.*

Wm. A. Alexander, for the appellants.

James R. Vaughan, for the respondent.

Rombauer, J., delivered the opinion of the court.

This is an action of replevin.    The defendant is a constable who seized the property in controversy under a writ of attachment against one Hazen.    The plaintiffs claim as purchasers from Hazen.

The main controversy upon the trial was, whether

the sale by Hazen to the plaintiffs was made in good faith or in fraud of Hazen's creditors, and whether at the date of the institution of the suit Pettingill, one of the plaintiffs, had any interest in the property seized.

Touching the first inquiry there was testimony adduced on both sides, and the ruling of the court in admitting and rejecting evidence, and in charging the jury on that branch of the case, was substantially correct.

On the second branch of the case, the court instructed the jury upon the defendant's request, that "if at the beginning of this suit the plaintiff Pettingill had, and now has no interest in the property sued for, the plaintiffs can not recover." The giving of this instruction is, among other things, assigned for error, and complained of by motion for new trial.

It will be seen that this instruction is in the nature of a hypothetical demurrer, that one of the plaintiffs is not a necessary (proper) party to a complete determination of the action. . The objection· was not taken by demurrer or answer, and, therefore, must be considered as waived. Rev. Stat., sects. 3515, 3519.

If the evidence failed to show a right of action in both the plaintiffs, then it would have been a proper case for a demurrer to the evidence. But as long as it tended to show a right of action in either plaintiff the defendant could not demur to the evidence, because the failure of proof affected one of the parties plaintiff only, and the right of recovery in the other plaintiff still remained. Our statute expressly provides, to meet the exigencies of a case like the one supposed by the instruction, that judgment may be given for or against one or more of several plaintiffs. Rev. Stat., sect. 3673.

A case like this must be distinguished from the one arising in *Rainey v. Smizer* (28 Mo. 311). There it appeared that one of two parties having a joint cause of action, sued alone, and the court properly instructed the jury that he could not recover. Here, however, the in-

struction first expressly negatives a joint right of action, and tells the jury that one of the plaintiffs can not recover on his several right of action.

There is nothing in the statutes, or adjudged law of this state to warrant such an instruction. If the proof failed to show a cause of action in one of the plaintiffs, the court was authorized to instruct the jury to find against him, but not authorized to instruct the jury to find against his co-plaintiff.

As there is nothing in the record which enables us to determine whether the jury found for the defendant on the ground that the sale by Hazen to the plaintiffs was in fraud of creditors, or on the other ground that Pettingill had no interest in the property, we must hold that the error in giving this instruction was prejudicial to the plaintiff Moore.

The judgment is reversed and the cause remanded. All the judges concur.