Terte v. Maynard.

M. TERTE, Appellant, v. K. A. MAYNARD, Respondent.

Kansas City Court of Appeals, March 7, 1892.

1. **Contracts**: AGREEMENT TO CONVEY: DAMAGES. One who sells real estate and stipulates in the contract of sale to make a good and sufficient deed thereto is answerable in damages if he do not do so; his lack of title, or his good will will not exonerate him from his vendor's claim of remuneration.

2.    ———— : ———— : DEFECT : TITLE.  The vendor may contract against
defects in his title, and when there is no distinct and independent
agreement to convey, but a stipulation if there turns out a defect-
ive title, the contract is to be null and void; the vendor need not
convey unless the vendee so requests and relieves him from his war-
ranty as to such defects.

3.    ———— : ———— : INSTRUCTIONS.  A contract to convey and instruc-
tions set out in the opinion are examined and the instructions
approved.

*Appeal from the Jackson Circuit Court.*—HON. JAMES
GIBSON, Judge.

AFFIRMED.

*I. J. Ringolsky,* for appellant.

( 1 )  The court erred in permitting defendant to
introduce evidence of the defects he found in his
abstract.  The provision in the contract, that in case
the abstract showed a defective title, and the defect
could not be cured within thirty days, then the same
was to be void, could not be taken advantage of by the
defendant, but was designed for the benefit of the plain-
tiff.  *Hale v. Cravener,* 128 Ill. 408; *Roberts v. Wyatt,*
2 Taunt. 268.  The defendant, knowing he had no title,
in contracting to convey a title, did so at his peril.
*Brinkerhoff v. Phelps,* 43 Barb. ( N. Y.) 469 ; *Mason v.
Caldwell,* 5 Gill. ( Ill.) 196–205 ;  *Wilcoxson v. Stitt,* 65
Cal. 596 ; *Cartright v. Gardner,* 5 Cush. ( Mass.) 273,
281 ; *Drake v. Baker,* N. J. L. Rep. ( 5 Vroom ) 358.  The
doctrine established by the foregoing authorities has
been adopted by our supreme court in the case of *Kirk-
patrick v. Downing,* 58 Mo. 32–40, and in *Hartzell v.
Crumb,* 90 Mo. 629, 638 ; *Ramsey v. West,* 31 Mo. App.
676.   There appears to be one decision, the case of
*Mackey v. Ames,* 31 Minn. 103, which holds a contrary
doctrine than that asserted by the foregoing authori-
ties.   The same court, in the case of *Deakin v. Under-
wood,* 37 Minn. 98, 102, expressly refused to decide

the point raised by the appellant in this case. From the foregoing authorities it will be seen that even if the defendant did not know that his property had been sold for taxes, yet it was for the plaintiff to rescind on the grounds of the defect in his title, and the defendant, knowing that his property had been sold, no matter what amount of good faith may have been displayed on his part, yet at his peril he contracted to sell and transfer to the plaintiff a good title to said property.

*Botsford & Williams* and *G. F. Ballingal*, for respondents.

By the terms and conditions of the contract between appellant and respondent, if the title to the property agreed to be conveyed is found to be defective, and such defects cannot be cured or remedied within thirty days from the date of the contract, and no extension of time is had between the parties, said "contract is to be null and void." These findings of the court, as shown by the second declaration of law given by the court on its own motion, were sustained by the evidence, and must be taken as conclusive on this appeal. *Powell v. Davis*, 54 Mo. 319. Under these provisions of the contract, and the facts found by the court, the agreement of respondent to convey was at an end, and the contract became null and void, as between the parties to it, so that neither party became or was further bound by any of its terms or provisions. *Mackey v. Ames*, 31 Minn. 103; *Deakin v. Underwood*, 37 Minn. 98; *Ramsey v. West*, 31 Mo. App. 676; *Reiger v. Bigger*, 29 Mo. App. 421. Respondent had the right "to contract against any unexpected real or supposed defects in his title." *Hartzell v. Crumb*, 90 Mo. 638.

ELLISON, J.—This action is for damages on account of an alleged breach of contract in the defendant not conveying to the plaintiff real estate which he contracted to convey. The trial was without a jury,

and the court found for defendant. That portion of the contract, material to this case, is as follows :

"The seller is to furnish, within ten days from date hereof, a complete abstract of title of said property from government to date, and such usual certificates as may be required by the buyer as to judgments and mechanics' liens from the various courts in which judgments would be liens thereon and the buyer to have ten days for the examination thereof. The seller also agrees to pay all state, county and municipal and special taxes, now a lien on said property, excepting the state and county taxes for the year 1889 and thereafter, which are to be assumed and paid by the buyer.

"If, upon examination, it is found that the seller has a good title in fee to said property, he agrees to execute and deliver to the buyer or order a general warranty deed thereto, properly executed and free and clear of all liens and incumbrances whatsoever. If the title is found to be defective, the seller agrees to have the defects in it rectified within a reasonable time, which is not to exceed thirty days from the date at which the transfer of the property is to be consummated under this contract; but in case such defect in the title cannot be cured or remedied within that period, and no extension of time is had between the parties this contract is to be null and void.

"If, though the title be good and the seller has kept his part of this contract, the buyer fail to comply with its requirements on his part, within ten days after being furnished with the abstract of title, then the aforesaid deposit of —— dollars shall be forfeited to the seller, but for this cause this contract shall not cease to be operative as between the parties hereto.

"Time is, and shall be, the essence of this contract; and the sale and transfer of said property, according to the provisions hereof, shall be consummated within the time specified above."

There were declarations given at the instance of each party, but the court of its own motion gave the following: "1. The court declares the law to be that the tax deed and the quitclaim deed, read in evidence, constituted defects in defendant's title to the property in question.

"2. If the court believes from the evidence that defendant made the contract in question in good faith, believing he had a good title to the property described therein, and intended to consummate said contract, and would have done so, but for the defects discovered in his title, as mentioned in instruction, numbered 1, given by the court of its own motion; that defendant was unaware of said defects when said contract was made; that defendant in good faith endeavored to cure or remedy said defects, but that said defects could not be cured or remedied within the time limited in said contract, and no extension of time therefor was had between the parties, then the finding must be for the defendant."

"If the court believes from the evidence that the defendant did not in good faith use all reasonable efforts within the time limited in said contract to cure or remedy the defects mentioned in instruction, numbered 1, given by the court of its own motion, then plaintiff is entitled to recover."

When one sells real estate and stipulates in the contract of sale to make a good and sufficient deed thereto, he is answerable in damages if he do not do so. His lack of title or his good will will not exonerate him from his vendee's claim to remuneration. But, as remarked by Judge BLACK, he may contract against any real or supposed defect in the title. *Hartzell v. Crumb*, 90 Mo. 638. There is no reason why he may not do so, if he and his vendee so desire, and the only question for us here to decide is whether the vendor has done so by the contract in this case. It will be noticed by observing the contract that there is no distinct and independent

agreement to convey. His agreement to make a warranty deed is conditioned on there being a good title. But the contract does not even here cease to speak : it further provides that if there turns out to be a defective title which cannot be rectified in thirty days, that "the contract is to be null and void."

We have been cited by plaintiff's counsel to an interesting case in 128 Ill. 408 ( *Hale v. Cravener* ), but a comparison of the contract in that case with the one before us will show them to be wholly unlike with reference to the point in question here.

It is held that such provisions in contracts are for the benefit of the buyer who may or may not insist upon them. This is true, generally, and we do not wish to be misunderstood as saying that the vendor can, under all circumstances, excuse himself, for if the vendee should be willing to accept the title and relieve the vendor of his warranty as to the defect, the vendor should make the conveyance as provided, with the exception as to the defect which his vendee waives.

The foregoing declarations given by the court properly declare the law under the terms of the contract, and the finding concludes us as to the facts. Under these instructions it was found that the vendor acted in good faith, supposing he had a good title when he made the contract, and that he expected to comply with its terms. This takes the case out of the class to which plaintiff's authorities belong.

With the concurrence of the other judges, the judgment is affirmed.