ALBERT B. BRAUCKMANN, Appellant, v. GEORGE E. LEIGHTON, Respondent.

St. Louis Court of Appeals, October 27, 1896.

Conveyances: MISREPRESENTATION BY GRANTOR: LIABILITY IN ABSENCE OF FRAUD. In the absence of actual fraud, the grantor in an executed conveyance of land is not answerable in damages for an oral misrepresentation of a matter pertaining to his title and conducive to the conveyance, but not embraced within the covenants of his deed.

*Appeal from the St. Louis City Circuit Court.*—HON. P. R. FLITCRAFT, Judge.

AFFIRMED.

*John B. Roeder* and *E. P. Johnson* for appellant.

(1) The original petition stated the facts that the defendant made the representations that induced the purchase, that they were untrue and false, that the plaintiff tendered the property back and met with a refusal to receive it and return the money, and that he was damaged thereby. This stated a cause of action for damages under a contract, or perhaps, more accurately speaking, for money had and received, notwithstanding it might have been a fraud also. *Carter v. Black*, 46 Mo. 384; *Smithers v. Bircher*, 2 Mo. App. 479; *Sumner v. Tuck*, 10 Mo. App. 269, 278; *Gaibout v. Clark*, 24 Mo. App. 426, 428; *Koopman v. Cahoon*, 47 Mo. App. 357, 363; Pomeroy's Code Remedies, sec. 570; *Huston v. Tyler*, 36 S. W. Rep. (Mo.) 654; *Fenwick v. Bowling*, 50 Mo. App. 516–521. It is well settled law in this state that false representations in regard to title or location of real estate, when made by one as of his own knowledge, whether he knew them to be false or not, and when relied and acted on by the person to whom they are made, entitles the latter to

maintain an action against the former. *Hamlin v. Abell,* 120 Mo. 188; *Caldwell v. Henry,* 76 Mo. 254; *Dunn v. White,* 63 Mo. 181; *Felix v. Shirley,* 60 Mo. App. 621.

*Eben Richards* for respondent.

It is alleged that on the thirty-first day of May, 1892, respondent sold the property in question to appellant, making certain representations in regard to a sewer on the land, and that respondent conveyed the land to appellant by deed, on June 14, 1892. The law presumes that all the contract between the parties was stated in this deed, and that all prior, oral or written contracts or representations are merged in the deed. Therefore, no action sounding in contract will lie for prior representations made to induce appellant to make the contract. As stated above, his proper action is either for fraud and deceit, or in equity to reform the deed. *Leggott v. Barrett,* 13 Ch. Div. 306, 311; *Allen v. Richardson,* 13 Ch. Div. 524; *Manson v. Hacker,* 7 Ch. Div. 620; *Besley v. Besley,* 9 Ch. Div. 103; *Palmer v. Johnson,* 13 Q. B. Div. 351; Sugden on Vendors and Purchasers [14 Ed.], page 549; *State ex rel. v. Hoshaw,* 98 Mo. 358; *Tracy v. Union Iron Works,* 104 Mo. 193.

BIGGS, J.—On the thirty-first day of May, 1892, the plaintiff contracted with the defendant for the purchase of certain real estate in the city of St. Louis. The purchase was fully consummated by deed dated June 4, 1892. These facts appear from the petition. For a cause of action the petition further alleges "that in the negotiations between plaintiff and defendant as to said land, and in effecting said sale, defendant represented to plaintiff that all improvements on and for said property, and all sewerage connected therewith, or constructed in order to be used in connection with said land, were fully paid for, and that the land as it then

stood was, with all appurtenances, sewerage, etc., free
from all liens, and free from everything that could give
rise to any lien or liens against said land; that plain-
tiff, relying on said representations and ignorant of the
falsity thereof, purchased said land from defendant
and paid him therefor, and defendant conveyed the
same to him by deed on June 4, 1892, and plaintiff
after the latter date first discovered the said represen-
tations were untrue and in this, that a certain sewer
which had been constructed for said land prior to the
purchase thereof by plaintiff from defendant, and which
sewer was constructed to be used in connection with
said land, was not paid for, and that nothing whatever
had been paid thereon. Plaintiff further states that
defendant's portion of the cost of the sewer above re-
ferred to was $542.83, and that tax bills therefor and
in such sum were issued on to wit, June 17, 1892,
against said land and became payable immediately
thereafter, and the same then and there became a lien
against said land.'' Then follow allegations of a de-
mand on defendant to pay the tax bills, his refusal, and
their subsequent payment by plaintiff. Damages in
the sum of $750 were asked. The answer is a general
denial.

On the trial of the cause the defendant objected to
the introduction of any evidence, on the ground that
the plaintiff's petition failed to state a cause of action.
The circuit court sustained the objection, and the
plaintiff submitted to a nonsuit. The plaintiff's motion
to set aside the nonsuit having been overruled, he has
brought the case here by appeal.

The gist of the alleged cause of action is that dur-
ing the negotiations for the purchase of the land the
defendant represented that the sewer was paid for, and
that the premises were not subject to any inchoate liens
on that or other accounts; that this representation was

intended by defendant as a warranty, and was so accepted or understood by the plaintiff; that there had been a breach of it, and that plaintiff had been damaged, etc.

The plaintiff conceded at the trial that the allegations of the petition were not sufficient to make out a case of deceit, and that no such cause of action was intended to be stated. Under this admission the question is whether, in the absence of actual fraud, a purchaser of land, after conveyance, can recover for the misrepresentation of any matter pertaining to the title to which the covenants in his deed do not extend. The question, we think, must be answered in the negative. The deed represents the final agreement of the parties, and all oral negotiations or representations were merged in it. The rights and liabilities of the parties are limited by its terms. It is clear, therefore, that there could be no recovery on the facts stated, for the alleged warranty is not alleged to be embraced in the covenants of the deed, and to hold the defendant for its breach would be adding to or changing the contract, which can not be done. *State ex rel. v. Hoshaw*, 98 Mo. 358; *Tracy v. Union Iron Works*, 104 Mo. 193; *Matheny v. Stewart*, 108 Mo. 73; *Allen v. Richardson*, 13 Ch. Div. 524; *Manson v. Thacker*, 7 Ch. Div. 620.

The cases which are relied on by appellant are not in point. *Kilpatrick v. Downing*, 58 Mo. 32; *Hartzell v. Crumb*, 90 Mo. 629, and *Terte v. Maynard*, 48 Mo. App. 463, merely state the rule for admeasuring damages, where *executory* contracts for the sale of land have been violated. In *Smithers v. Bircher*, 2 Mo. App. 499, the defendant had sold to the plaintiff notes which he falsely represented were secured by a first mortgage on certain lands. The notes were assigned "without recourse." It was held that, if this affirmation by the defendant was intended as a warranty and

was so understood by the plaintiff, then the latter could maintain an action for its breach, and that the assignment of the notes *without recourse* did not give a different color to the transaction, but merely exempted the defendant from liability in case of the dishonor of the note. *Carter v. Black*, 46 Mo. 384, was an action for damages for breach of an oral warranty in the sale of some horses. In the case of *Gaibout v. Clark*, 24 Mo. App. 426, it was held that the vendee in an executory contract for the sale of chattels may rightfully refuse to consummate the contract, where the property tendered is materially different from the property sold. *Sumner v. Tuck*, 10 Mo. App. 269, and *Koopman v. Cahoon*, 47 Mo. App. 357, merely hold that under the evidence recoveries for money had and received ought to be upheld.

We think it needs no argument to show that these cases are in nowise analogous to the one in hand, and can not possibly have any bearing on the question in judgment here. We will therefore affirm the judgment of the circuit court. All the judges concur.