## L. C. JENKINS v. FRED E. WILEY, Appellant.

Division One, July 31, 1923.

1. **SALE OF LAND:** Provision to Clear Title: For Benefit of Purchaser. A provision in a contract requiring the vendor to remove or correct defects in the record title is for the benefit of the purchaser, and the vendor cannot refuse to perform because he did not remove them within the stipulated time.

2. **DEFECT OF PARTIES:** Waiver. Defect of parties, or misjoinder of parties defendant, should be raised by demurrer where the defect appears on the face of the petition, and where it does not so appear it should be raised by answer, and if raised in neither way the defect is waived, and it will not be ruled that a certain defendant was improperly joined.

3. ————: Vendee in Outstanding Contract: Specific Performance. A suit for the specific performance of a written contract to sell land is equitable in character, and all adverse interests should be determined, and any person may be made a defendant who has or claims an interest in the controversy adverse to plaintiff, or who is a necessary party to a complete determination of the question involved therein, as the statute (Sec. 1158, R. S. 1919) provides. Where the owner of land had entered into a written contract to sell it to plaintiff, and said owner's aunt has instituted suit against said vendor for the specific performance of a prior alleged contract for the sale of said land to her, she may be joined as a party defendant in plaintiff's suit for specific performance, in order that such alleged contract may be shown to be collusive

and obtained by the vendor for the purpose of creating a defect in the title, and in order that the aunt's alleged interest may be determined to be a fraudulent claim.

4. **SALE OF LAND: Defect of Title.** The vendor cannot be heard to complain that a judgment compelling him to specifically perform his written contract for the sale of land is wrnog because his title is defective, where the vendee did not insist that said defects should be removed within the time stipulated and by his suit has obtained a judgment which expressly removes such defects.

Appeal from Jackson Circuit Court.—*Hon. Daniel E. Bird,* Judge.

AFFIRMED.

*E. C. Hall* for appellant.

(1) The contract was conditional upon title being good, or that defects could be cured in thirty days after notice of objections, and the objections to the title, though frivolous, could not be removed in the time limited. Terte v. Maynard, 48 Mo. App. 463; 26 Am. & Eng. Ency. Law (2 Ed.) pp. 73, 74. (2) The joinder of Alice McClure as a defendant was wrong and prejudicial to defendant Wiley when there was no showing of collusion between him and Mrs. McClure. (3) The plaintiff refused to accept the title because of the McClure suit, and admitted that at the trial. Davis v. Petty, 147 Mo. 386. (4) The defendant expressly contracted against defects and there was no independent agreement to convey, the language being: "That seller has sold and agrees to convey as herein provided," and, "If the title is defective, . . . in case such defects in the title cannot be rectified within that time (30 days) this contract shall be null and void." The defendant Wiley knew nothing of the McClure suit or claim when he signed this contract. Terte v. Maynard, 48 Mo. App. 468; Hartzell v. Crumb, 90 Mo. 638; Ramsey v. West, 31 Mo. App. 676; McQuary v. Mo. Land Co., 230 Mo. 342. If

the purchaser in this case had been willing to accept the title that the vendor had, he might have demanded the title subject to the encumbrance which defendant could not remove, but the evidence shows that this he refused to do, and at the trial the plaintiff testified that he was not willing to accept the title subject to the encumbrance, so that even admitting the rule that the extension of time for perfecting the title is usually considered to be in favor of the buyer, yet if it is impossible to correct the title and the buyer is not willing to accept the title that the seller had there can be no specifiq performance, and the refusal of the buyer to accept the title stands in the way of his requesting a specific performance for the reason that it is his own fault~that he hadn't received a deed for the title which the seller had. Hollman v. Conlon, 143 Mo. 369; Lanitz v. King, 93 Mo. 513. It is generally held that the specific performance is a matter of grace and not of right and rests in the discretion of the court. Hontz v. Hellman, 228 Mo. 655; McQuary v. Land Co., 230 Mo. 342; Dazly v. Lawrence, 153 Mo. App. 435; Otto v. Young, 227 Mo. 193. In this case the defendant Wiley cannot be compelled to make a warranty deed against all encumbrances for the reason that the plaintiff refuses to accept such deed. There can be no order of this court compelling defendant Wiley to remove the encumbrance found to be on the title for the reason that there is nothing on which to base a judgment of that kind. Under the pleadings in this case the court cannot decide the questions and issues raised in the case of McClure against defendant Wiley for the reason that no such issue was made in this case, there having been no consolidation of the causes. (5) The McClure suit was not a defect in the title and the plaintiff had no right to refuse to proceed further in the deal until that claim had been litigated. If he had taken his deed the McClures had no valid claim against him, unless collusion was shown between this plaintiff and defendant, and there was none either between this defendant and plaintiff or between defendant and Mrs. McClure and no notice *lis*

*pendens* of record. Plaintiff's ground for refusal to accept the deed was untenable. Henry v. Adkins, 194 S. W. 264; Wayland v. Western Ind. Co., 148 S. W. 626. (6) There was a very material advance in the value of the property from the time the objections were made to February, 1920, when this suit was brought. Herein lies plaintiff's reason for bringing this action. O'Fallon v. Kennerby, 45 Mo. 124. (7) The plaintiff's bill failed to state facts sufficient to authorize injunctive relief or for specific performance of the contract. The fact that Mrs. McClure had filed a suit against defendant constituted no lien upon the property and showed no interest therein held by her. Though plaintiff alleges fraud none was shown on the trial and there was no allegation that defendant was insolvent. Coal Co. v. Long, 231 Mo. 605; Hollman v. Conlon, 143 Mo. 378; McCall v. Atchley, 256 Mo. 39. (8) There was no unity of interest between defendant Wiley and Mrs. McClure and no knowledge on the part of Mrs. McClure that the defendant had made a contract with plaintiff. In fact, the contract, while it bears date in August, 1919, was not signed by defendant until October, 1919. In the meantime Mrs. McClure had filed her suit, but defendant knew nothing about such suit. Defendant denied that he had made any contract with Mrs. McClure and was ready to make deed to plaintiff, but the plaintiff refused to accept a deed from him with the McClure suit undetermined. So it was plaintiff's fault that defendant did not convey the lot to him. There was no issue and no evidence touching the McClure suit upon which the decree could be based. Secret Service Co. v. Gill & Co., 125 Mo. 156. (9) Plaintiff cannot have specific performance where the performance was prevented by his own acts. Here the contract provided for a warranty deed, only if the title was good. The plaintiff insisted that the title was not good because of the McClure suit, and refused to take a deed from defendant. 26 Am. & Eng. Ency. Law (2 Ed.) p. 70; Secret Service Co. v. Gill & Co., 125 Mo. 156; Hollman v. Conlon, 143 Mo. 369.

*Maurice J. O'Sullivan* and *Julius C. Shapiro* for respondent.

(1) The contract sued on was not conditional upon defects being cured within thirty days. This provision is for the benefit of the buyer, and the seller cannot excuse himself from performance on that account. Otto v. Young, 227 Mo. 193; Hunt v. Smith, 139 Ill. 296. (2) The making of defendant, McClure, a party was proper, and the lower court properly entered its decree enjoining her from asserting any claim against plaintiff. Sec. 1158, R. S. 1919; Moore v. McCullough, 5 Mo. 145; Sprague v. Carroll, 188 S. W. 64. Defendant, Wiley, is in no position to complain of the adjudication of the McClure claim, without raising more than a suspicion of unclean hands. The defendant, McClure has not appealed, and thereby indicates satisfaction with the decree of the lower court. Wiley is directly benefited by the disposal of her claim. When in his brief, he attempts to carry the burden of his aunt, defendant Mrs. McClure, when she has not appealed, he strengthens the contention of the respondent that Wiley sought, advised, or procured the bringing of the McClure suit, in an attempt to discourage the plaintiff, so that he could obtain a better price. (3) A *lis pendens* was filed by Mrs. McClure, and her claim affected the title, so plaintiff's objections were not frivolous. Sec. 7215, R. S. 1919; Turner v. Babb, 60 Mo. 342; Ewalt v. Lillard, 180 Mo. App. 678; Rosencheim v. Hartsock, 90 Mo. 357.

GRAVES, P. J.—This case fell to me upon the reassignment of some old cases at our present April term. Action for the specific performance of a real estate contract, and other relief. There were two defendants in the circuit court, Fred E. Wiley and Alice M. McClure. After a decree for plaintiff, Alice M. McClure took no appeal, and in that manner her name does not appear in the record here as a party contesting the judgment. Singular as it may seem (under facts which we will de-

tail) she filed an answer in the case, but did not testify as a witness. The petition for specific performance is based upon a written contract of sale, by which defendant contracted to sell to plaintiff Lot 40 in Bonfils Place, an addition to Kansas City, for the price and sum of $3750, as follows:

"One hundred dollars at the signing of this contract, the receipt whereof is hereby acknowledged by the seller and which is deposited with J. M. Clark, 424 Dwight Building, as part of the consideration of the sale, the balance whereof is to be paid in the following manner, to-wit: $2,300 cash on delivery of deed as herein provided and the assumption on the part of the purchaser of the payment of the indebtedness secured by the present first deed of trust amounting to $1,350."

By the contract an abstract of title was to be furnished the purchaser, and one was furnished. Upon the examination of this abstract it was discovered that Alice M. McClure (an aunt of defendant Wiley) had filed a suit against Wiley for the specific performance of an alleged contract of sale of said lot to her by the said Wiley. No service had been obtained in the suit, as Wiley was a resident of Chicago. As we gather it, Alice M. McClure was a tenant of Wiley, and lived in the house, with an uncle of Wiley's, one E. A. DePue, who was Mrs. McClure's brother. The evidence is not clear as to whether he resided in the house upon this lot. By reason of this pending suit brought by Alice M. McClure against Wiley, she was made a party defendant. The trial court entered a decree as follows:

"Now at this day this cause coming on and having been submitted to the court on the pleadings and evidence and taken under advisement from April 8, 1920, the court finds the issues in favor of plaintiff and against defendants. Court doth find that defendant Fred E. Wiley duly executed to plaintiff the written contract sued on; that by the terms of said contract defendant Fred E. Wiley agreed to convey by warranty deed to

plaintiff upon payment of twenty-four hundred dollars, cash, all of Lot 40, Bonfils Place, an addition in Kansas City, Missouri; that plaintiff was to assume an incumbrance thereon of $1,350; that plaintiff is entitled to specific performance of said contract; that defendant Fred E. Wiley, at the time of the delivery of said contract, was, and now is, the owner thereof in fee simple, subject to said $1,350 incumbrance, and that defendant Alice M. McClure is now in possession of said real estate; and that plaintiff is entitled to the possession thereof; that defendant Alice M. McClure has no right, title, interest or estate in said real estate; that said Alice M. McClure has filed in this court against said defendant Fred E. Wiley a suit for specific performance or an alleged contract for sale of said property, being Cause No. 135916; that if permitted to prosecute said suit it would be a cloud upon plaintiff's title to said lot and said cloud should be removed.

"Wherefore it is ordered and decreed that plaintiff have specific performance of said contract and that defendant Fred E. Wiley shall within fifteen days from this date make, execute and deliver to plaintiff a good and sufficient general warranty deed conveying said real estate, clear of all incumbrance except said $1,350; that if said Wiley fail to execute said deed in said time the plaintiff shall pay to the clerk of this court for the use of said Wiley $2,400, and then all right and title of defendant Wiley shall be vested in plaintiff.

"It is further ordered and decreed that said Alice M. McClure has no title or interest in said lot and plaintiff's title is quieted as to her and she and those claiming under her are perpetually enjoined from asserting any right thereto or prosecuting her said suit; that plaintiff is entitled to possession of said premises and that defendants shall surrender up and deliver possession thereof to plaintiff within fifteen days from the date of this decree. That defendant Wiley shall pay all taxes and assessments on said real estate, which were due or

could be paid on or before August 7, 1919, and that plaintiff recover of defendants the costs of this action and have execution therefor.''

From this decree Wiley has appealed, as stated, supra. Other pertinent facts are left to the opinion.

I.   The contract of sale bears date August 7, 1919, and was prepared by defendant in Chicago. In the brief of appellant it is stated that the contract was not really signed until October, and letters in evidence would indicate the signing was long after August 7th.   A con-

Additional Facts.
troversy had arisen between one Clark (mentioned in the contract), a real estate agent, and Wiley as to a commission for the sale. In the record are indications of the fact that Wiley did not want the unpleasant duty of clearing the house of his relatives, and he declined to sign the contract sent to him by Clark, but prepared one of his own, and in it among other things provided:

''Purchaser agrees to accept possession of said premises, subject to the rights of tenants now in possession.   Said tenants having possession only by virtue of a verbal lease running from month to month.''

On the stand as a witness Wiley said that his aunt, Alice M. McClure, had no contract of sale from him or authorized by him; that she was a mere tenant; that he had no knowledge of her claim, or her suit until after the sale and contract to plaintiff; that he visited his aunt in Kansas City after the suit by her was brought in that city, but she made no attempt to get service upon him in the case.   From other evidence it appears that property was advancing in that community, and this might account for the action of defendant.   When plaintiff pointed out this McClure suit for specific performance (of which *lis pendens* had been filed and recorded) as a defect of title, defendant, although protesting that he made no sale to his aunt, and that she had no contract to be specifically performed, made no effort to meet the objection within the thirty days allowed by the con-

tract, but seemingly dropped the contract, and prepared no deed to plaintiff. Plaintiff paid to Clark the $100 called for upon the signing of the contract, and from that time forward was urging defendant to clear the title, and make the deed. These are some of the additional facts for consideration of the first point made.

II. Among other things the defendant relies upon the following clause in the contract:

"The seller shall within twenty days from the date hereof, deliver to the buyer or at the office of J. M. Clark, 424 Dwight Bldg., Kansas City Mo., a complete abstract of title to said property from the United States Government to this date with certificates by competent abstractors as to taxes, judgments and mechanics' liens affecting said property. The buyer shall have ten days after such delivery of abstract to examine the same.

*Provision for Purchaser's Benefit.*

"If the title be good, the seller shall deliver for the buyer, at the office of said J. M. Clark, 424 Dwight Building, Kansas City, Mo., warranty deed, properly executed and conveying said property free and clear from all liens and encumbrances whatsoever, except as herein provided; the buyer shall then and there pay the balance, if any, of said cash payments.

"If the title is defective, the buyer shall specify the objections in writing to be delivered to the seller at the office of J. M. Clark, 424 Dwight Bldg., Kansas City, Mo., within ten days after such delivery of abstract; the seller shall have the defects rectified within thirty days from date of delivery of such objections, but in case such defects in the title cannot be rectified within that time, this contract shall be null and void, and the money deposited as aforesaid shall be returned to the buyer and the abstract returned to the seller."

Without effort to find out the reason for his aunt's suit, although visiting her a time or two thereafter, he drops and ignores his contract with plaintiff. He now urges that (1) such suit was not a defect in title, and

Collusion.    (2) that if it was a defect, it could not have been remedied by him within thirty days. The plaintiff paid into court all moneys due under the contract with the filing of his suit, and by the decree remedied the defect, and to the decree defendant now objects, although it clears the property of the alleged claim of Alice M. McClure, the aunt. Although by word of mouth denied by defendant, circumstances in evidence spell collusion and fraud in this suit of Alice M. McClure. Had she been in good faith she would have testified in this case, and would have gotten service in her case when defendant was in Kansas City. The keen eyes of a chancellor could not only see these circumstances (the advance of property values included) but could read between lines the real reason for the McClure suit. Witnesses say the property was worth from $5200 to $5500. Defendant had contracted it for $3750. Whilst defendant testified that he knew nothing about the bringing of the McClure suit until after it was brought, the old aunt failed to testify. She answered in the cause and in that answer she says:

"Further answering plaintiff's said petition defendant shows the court that she is plaintiff in a suit for the specific performance of *alleged contract*, against the defendant Fred E. Wiley, said cause is now pending in this court and numbered 135918; that said suit involves the identical property as that described in plaintiff's petition filed herein."

She even here refuses to aver that she had a contract in good faith, but calls it an "alleged contract."

There is much in the record that indicates this McClure suit to have been collusive, and brought for the purpose of escaping from the contract with plaintiff.

But aside from the foregoing situation it does appear that plaintiff for a long time was urging defendant to clear the title, and was not insisting upon it being done within the thirty days. Such provision in a contract is for the benefit of the purchaser. [Hunt v. Smith,

139 Ill. l. c. 303-304; Otto v. Young, 227 Mo. l. c. 205-206.] In the latter case VALLIANT, J., quoted at length from the Illinois case, supra, and added: "That expresses the law and the justice of the case." He also distinguishes the case of Terte v. Maynard, 48 Mo. App. 463, from the Otto Case, which applies with equal force in this case. Here plaintiff was not insisting upon having the title cleared within thirty days, but was insisting upon defendant having the cloud of the *lis pendens* in the McClure Case removed, and having a deed executed to him under the contract. Defendant did not even take the trouble (according to his evidence) to ask his aunt what was meant by her suit. He could have entered his appearance and forced a trial in her case, but did not do it. He ignored his contract, with $100 of the purchase price paid under the contract and does not even tender back the $100. The clause of the contract as to the thirty days is one for the benefit of the purchaser, and under the facts of this case furnishes no shield for defendant. The point is ruled against him.

III. It is next urged that Alice M. McClure was improperly joined as a party defendant. The misjoinder of parties is embraced within that provision of Section 1226, Revised Statutes 1919 (our statute upon demurrers) which says: "Or, fourth, that there is a defect of parties plaintiff or defendant." [Anderson v. McPike, 41 Mo. App. l. c. 331.] In this case ROMBAUER, P. J., said:

Defect of Parties.

"The section does not mention a misjoinder of parties, but only a defect of parties, and it has been held in other jurisdictions, under similar codes, that these terms are not synonymous. [Palmer v. Davis, 28 N. Y. 242; Bort v. Yaw, 46 Iowa, 323; Hinkle v. Davenport, 38 Iowa, 355.] In this State, the construction given to the statute has been otherwise. [Kellogg v. Malin, 62 Mo. 431; Edmonson v. Phillips, 73 Mo. 60; Pettingill v. Jones, 21 Mo. App. 211.] As intimated by Judge SHERWOOD, in Elfrank v. Seiler, 54 Mo. 134, and decided

by the Kansas City Court of Appeals in Ryors v. Prior, 31 Mo. App. 561, the only objections under our code, which are not waived by pleading over, are that the petition does not contain facts sufficient to constitute a cause of action, and that the court has no jurisdiction of the subject-matter."

See also the cases cited from this court of Edmonson v. Phillips, 73 Mo. l. c. 60, and Kellogg v. Malin, 62 Mo. l. c. 431, and Boland v. Ross, 120 Mo. l. c. 215; Bensieck v. Cook, 110 Mo. l. c. 182; Fulwider v. Gas Light & Power Co., 216 Mo. l. c. 591.

Whether the misjoinder is of parties plaintiff or parties defendant, such misjoinder is waived unless raised either by demurrer or answer. If the defect is apparent upon the face of the petition, then it must be by demurrer. If the defect of parties is not apparent upon the face of the petition, then such defect (misjoinder of defendants) must be pleaded in the answer, and a failure to raise the point either by demurrer or answer, waives the point. See cases, supra.

The matter of improper joinder of parties defendant was not raised either by demurrer or by answer. If there was such a defect it was apparent upon the face of the petition, because all the facts are pleaded. No demurrer was filed. The question was waived (if it ever had substance) and cannot avail the appealing defendant now. This would suffice, but we may add that actions for specific performance are equitable in character. All adverse interests should be determined to the end that a decree of specific performance might mean something. Section 1158, Revised Statutes 1919, in part, says, "Any person may be a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved therein." In view of the language of this statute it cannot be said that Mrs. McClure was not a proper party defendant. She was in court asserting a right to the title involved. The

Jenkins v. Wiley.

claim was adverse to that of plaintiff. She was assert-
ing an alleged previous contract of sale. So that the
point made here by appellant fails, (1) because not made
by demurrer, and (2) because there is no merit in it
under the law.

IV. It is apparent that appellant's chief reliance
was that there was a defect of title which could not be
removed within thirty days, and therefore the contract
was at an end. He makes no attempt to get his aunt
to dismiss a suit, which he says was without foundation,
although he visits at her home. She makes no
attempt to get service upon him in her suit, al-
though he is (to her knowledge) within the
jurisdiction of the court where suit has been instituted.
This, however, is adrift, for when we rule (as we have)
that this clause of the contract was for the purchaser's
benefit, and that the purchaser could extend the time for
removing the defect, the whole bottom drops out of de-
fendant's appeal. He cannot in equity and good con-
science complain of the fact that plaintiff has cleared the
title of the bogus claim of the aunt of defendant. To
urge (as he does) that the judgment wronged Alice M.
McClure is to exhibit his own unclean hands in this
court, in this, an action in equity. Appellant's brief is
filled with a number of points, but they all center around
the two which we have discussed. We concur in the views
of respondent, that there are but two real issues in the
case (so far as this appellant is concerned) and these
we have disposed of in the foregoing paragraphs.

The judgment is right and is affirmed. All concur.