JENNETT D. BLANCHARD, Respondent, v. S. A. HASELTINE et al., Appellants.

### St. Louis Court of Appeals, March 7, 1899.

1. **Practice, Trial**: SPECIAL JUDGE: JURISDICTION. The defendants, in the case at bar, were not entitled to a change of venue from the special judge; the selection of a second special judge, upon the voluntary resignation of the first special judge, was not governed by the provisions of section 2262, Revised Statutes 1889, as amended in Session Acts of 1895; but was governed by section 3325, Revised Statutes 1889. Judge Biggs holds that the refusal of the first special judge to act after he had qualified, left the case in the same condition as if he had refused to serve in the outstart. That upon his refusal to act it became the duty of the circuit judge to grant a change of venue, and that the second special judge had no jurisdiction to try the case.

2. **Statutory Covenants in Trust Deed**: CONVEYANCE IN FEE SIMPLE: The statutory covenants were just as operative in a trust deed containing statutory words creating them, as they would be in a conveyance in fee simple *inter partes;* the trustee's deed to the purchaser, under the foreclosure sale, was a mere conduit for the transfer, to the purchaser, of the title of the grantor and the warranties expressed in the deed of trust.

*Appeal from the Greene Circuit Court.*—HON. G. A. WATSON, Special Judge.

AFFIRMED.

S. W. MASSEY and A. F. BUTTS for respondent.

The statutory covenants implied by the words "grant, bargain and sell" are the same in a deed of trust as in a warranty deed. Cockrill v. Bane, 94 Mo. 444; Boyd v. Haseltine, 110 Mo. 203-207. Covenants of seizin and against incumbrances run with the land in this state, and plaintiff had a right to sue, and should have recovered on the covenants of seizin as well as against incumbrances. The right of action

is assignable. Allen v. Kennedy, 91 Mo. 324; Dicksen v. Desire, 23 Mo. 151; Chambers v. Smith, 23 Mo. 174; Maguire v. Riggin, 44 Mo. 512. Measure of damages is the purchase price with interest at six per cent from the date the money was paid in this case *pro rata* on the twenty acres where the title failed. Pence v. Gabberts, 70 Mo. App. 201. The outstanding paramount title in Nora C. McDaniel constituted an eviction. Blondeau v. Sheridan, 81 Mo. 552. Whatever may be the doctrine in some of the states, that the covenants of seizin and against incumbrances are *in presenti*, and broken as soon as made, and do not run with the land to a subsequent grantee, the doctrine in this state is that such covenants are *in futuro*, and run with the land till there is a substantial breach, and then they go to subsequent grantees by assignment. 19 Am. and Eng. Ency. of Law [1 Ed.], p. 1006, title, Real Covenants; Allen v. Kennedy, 91 Mo. 324; Winningham v. Pennock's Ex'r, 36 Mo. App. 693.

GEORGE S. RATHBUN and S. A. HASELTINE for appellants.

Defendants refused to select another attorney, and refused to request an election of a special judge. The clerk, without authority of law, and against the protest of defendants, ordered an election of a special judge, and the judge so elected proceeded with the final hearing. Said action of the clerk was *ultra vires*, and conferred no jurisdiction upon the attorney so elected. Session Acts 1895, page 93, amending section 2262, of the statutes of 1889. The modern doctrine is that a mortgage is merely a security for a debt, and as soon as the debt is paid all of the mortgages, right and title is determined by operation of law. Logan v. Railway, 43 Mo. App. 74, 75; Smith Imp. Co. v. Thurman, 29 Mo. App. 190, 191; Murphy v. Simpson, 42 Mo. App. 654. The payment of the note extinguishes the deed of trust, 42 Mo. App.

*supra;* Hagerman v. Suttin, 91 Mo. 531, of opinion. It is not necessary to quote further authorities upon this point. The mortgagee can only sell enough of the mortgaged property to pay the debt and costs of sale; when this is done the trustee's power is at an end. Plaintiff as assignee of the note secured by deed of trust, had full notice of the title and Brewer deed of trust upon twenty acres of land, and its foreclosure, and she is deemed in law and equity to have purchased at said sale with full notice, and having bought the title at law, trustee's sale at a sum sufficient to satisfy the deed of trust under which it was sold, the rule of *caveat emptor* applies. She must take notice of the title and defects as they appear of. record. Mo. Statutes 1889, sec. 2419; Barnard v. Duncan, 38 Mo. 170-185.

BOND, J.—In 1890 defendants executed a deed of trust upon sixty-two and one-half acres of land to secure $3,000, then borrowed by them from C. S. Blanchard. Twenty acres of the land thus conveyed were previously encumbered by a trust deed, which was foreclosed in 1894 by sale to Norah C. McDaniel. The second deed of trust was foreclosed, and plaintiff who had become the assignee of the note secured thereby purchased the property described in the deed of trust. For failure of title to the twenty acres sold under the preceding deed of trust, she brings the present action upon the covenants implied from the use of the words, "grant, bargain and sell," in the trustee's deed under which she purchased.

The answer admits the foregoing facts, and avers that plaintiff's bid of $2,900 was equal to the amount remaining due on the note assigned to her; that she purchased the land described in the trust deed with the full knowledge that twenty acres thereof had been conveyed under foreclosure of a former deed of trust; that the amount of her bid was sufficient to pay her note, which was canceled and delivered to

defendants, and that the value of the land at the time of her purchase was $200 per acre, wherefore it alleged she was not damaged.

The replication denied the facts stated in the answer, except the averment therein that the land was worth $200 per acre. The cause was tried by the court, a jury being waived, and judgment rendered for plaintiff for $1,000, from which defendants appealed.

The first error assigned is that the court had no jurisdiction to try the case. The record shows that the regular judge of the court was disqualified by an application for change of venue on account of objections to him, and that Hon. O. H. Travers was selected as special judge to try the case; that he duly qualified as such and entered upon the discharge of his duties, whereupon the defendants moved for a change of venue on account of objections to him, which he overruled, and thereafter voluntarily resigned his position as special judge, whereupon the parties failing to agree to the selection of another special judge, the clerk held an election, whereat Hon. G. A. Watson, was duly elected. The special election so held by the clerk was correct. R. S. 1889, secs. 3323, 3325 and 3329. The ruling of the preceding special judge, Hon. O. H. Travers, denying a second motion of defendants for change of venue on the same ground alleged in their former motion, was also correct. State v. Anderson, 96 Mo. loc. cit. 247. As the defendants were not entitled to a change of venue from the special judge, the selection of a second special judge, upon the voluntary resignation of the first special judge, was not governed by the provisions of section 2262, Revised Statutes 1889, as amended in Session Acts of 1895, pages 92 and 93 but was governed by section 3325, hence this assignment of error is ruled against appellants.

Neither is there any merit in the defenses set up in appellant's answer. The facts admitted by the pleadings show

Blanchard v. Haseltine.

that plaintiff purchased the entire sixty-two and one-half acres at a trustee's sale under a deed from defendants imply-

<span style="float:left">STATUTORY cove-<br>nants.</span> ing the statutory covenants raised by the use of the words "grant, bargain and sell;" that twenty acres of said land had been sold under a previous deed of trust given by defendants, and that the purchaser thereat entered upon the land. The fact that plaintiff did not acquire title to these twenty acres at the foreclosure sale under the deed of trust where she was purchaser, in no wise debars her from relying upon the covenants contained in the deed of trust under which she bought. Kellogg v. Malin, 62 Mo. 429. Neither did her knowledge at the time of such purchase of the fact that a portion of the land was previously encumbered, preclude her from relying upon the express covenants in the trust deed under which she purchased. 62 Mo., *supra*. The covenants were just as operative in a trust deed containing statutory words creating them, as they would be in a conveyance in fee simple *inter partes*. R. S. 1889, sec. 2402; Boyd v. Haseltine, 110 Mo. loc. cit. 207; McCulloch v. Homes, 111 Mo. 445; Ewing v. Shannahan, 113 Mo. 188. The trustee's deed to the purchaser under the foreclosure sale was a mere conduit for the transfer to the purchaser of the title of the grantor and the warranties expressed in the deed of trust. Plaintiff as the assignee under the trustee's deed to her of these covenants was entitled to sue for their breach. Langenberg v. Dry Goods Co., 74 Mo. App. loc. cit. 20, 21; Allen v. Kennedy. It is not claimed that the damages recovered for eviction of twenty acres of the land which she purchased, are excessive. Indeed the parties acknowledged that the land was worth $200 an acre. Her recovery for $1,000 was simply sustained by the evidence. Neither is it material that the value of the land which she acquired at such sale, less these twenty acres, was equal to the sum remaining due on the note assigned to her. She, as any other person, was entitled to bid at the

foreclosure sale and was equally with any other person entitled to rely on the warranties in the trust deed under which she purchased and was entitled to the benefits of her bargain. Her rights as purchaser are entirely distinct from her rights as assignee of the note.

Finding no reversible error in the record, the judgment is affirmed. Judge Bland concurs; "Judge Biggs is of the opinion that the refusal of Mr. Travers to act as special judge after he had qualified, left the case in the same condition as if he had refused to serve in the outstart, and that upon his refusal to act it became the duty of the circuit judge to grant a change of venue as the parties did not consent to another election and did not agree on some one else to try the case. He is therefore of the opinion that Mr. Watson had no jurisdiction to try the case."