SAMUEL E. BAIRD, RESPONDENT, v. REX HARRIS ET AL., APPELLANTS.*

In the Springfield Court of Appeals. Opinion filed January 7, 1927.

1.—Covenants—Running with Land—Subsequent Grantees May Sue. A subsequent grantee of land may sue the original covenantor upon any covenant that runs with the land.

2.—Deeds—Description—Deed not Void for Mistake in Description. The insertion in a deed by mistake of a wrong description of the land sold did not render the deed void, where intention was to convey another tract which grantor in fact owned; such deed conveyed an equitable interest in the land ·sold and intended to be conveyed.

3.—Covenants—Subsequent Purchasers—Foreclosure—Right to Sue on Covenant Forfeited. Where subsequent purchaser of land assumed debt secured by deed of trust, which he. later permitted holder to foreclose, he thereby lost his right to sue an original covenantor for breach of warranty arising from misdescription in deed; such foreclosure and conveyance having placed such subsequent purchaser in same position as if he had himself conveyed the land.

4.—Mortgages—Deeds of Trust—Debt Held Not Discharged by Unauthorized Payment. Purchaser of land, assuming payment of debt secured by a deed of trust which specifically required payment to be made to particular bank, held not to have discharged the debt by an unauthorized payment to his immediate vendor, notwithstanding he received what purported to be a canceled deed of trust and note.

*Corpus Juris-Cyc. References: Covenants, 15CJ, p. 1256, n. 49; p. 1257, n. 65; Deeds, 18CJ, p. 185,. n. 72; Mortgages, 41CJ, p. 788, n. 77.

Appeal from the Circuit Court of Christian County.—Hon. Fred Stewart, Judge.

REVERSED.

*Moore & Moore* and *Charles Farrar* for appellants. ·

The general doctrine is, that a recital inserted in a deed through mistake will not be given such credence, so as to exclude the truth, or exclude evidence as to the facts. Graham v. Olson, 116 Mo. App. 272, 92 S. W. 728. The land being misdescribed in the deed through mutual mistake, the defendants herein having no estate in the premises attempted to be conveyed ·does not give rise to an action for a breach of the warranty, there being no estate to which the warranty might be annexed. Powell v. Bowen, 214 S. W. 142; Breen v. Morehead, 126 S. W. 650. When the plaintiff purchased the land from Pierce and assumed and agreed to pay the encumbrance to the Farmers Bank of Chadwick he is estopped to deny the indebtedness, the nature of the property mortgaged, the nature

and identity of the mortgagor. Taylor v. Saugrain, 1 Mo. App. 312. Plaintiff by his failure to make inquiry as to the indebtedness due on the lands intended to be conveyed, and allowing the same to be foreclosed under the deed of trust executed and recorded, induced the holder of said mortgaged security to believe that he had waived all rights and remedies that he might have asserted. Lindner v. Cape Brewery Co., 131 Mo. App. 680; Watkins v. Greene, 60 N. W. 44; Miller v. Ready, 108 N. E. 605. When the plaintiff herein allowed the land he thought was being purchased from Pierce to be sold under the mortgage, and failed to pay the indebtedness and such was sold thereunder plaintiff is forever estopped from claiming any right, title or interest therein, and estopped from predicating an action for damages on the warranty in the deed from Harris to Pierce or from Pierce to plaintiff. Sanguinett v. Webster, 153 Mo. 343; Zuendt v. Doerner, 101 Mo. App. 528. The deed from Harris to Pierce while not conveying to Pierce the legal title to the lands intended to be conveyed, did however pass to Pierce the equitable title thereto, which passed from Pierce to plaintiff. 252 Mo. 147; 54 Mo. 267; 181 Mo. 359. When the land was foreclosed under the mortgage setting forth a defective description of the lands intended to be mortgaged the lien of such mortgage attached in equity to the lands intended to be conveyed and the purchaser at the foreclosure sale took the equitable interest to the lands from plaintiff herein, who has no legal right to predicate an action for damages for breach of warranty. 117 Mo. 508.

*Ben L. Clardy* and *Chas. F. Boyd* for respondent.

The words in a warranty deed: Grant, bargain and sell, carries with them the meanings, that the grantor was, at the time of the execution of the conveyance, seized of an indefeasible estate, in fee-simple, in the real estate thereby granted, and for further assurances of such real estate to be made by the grantor and his heirs to the grantee and his heirs and assigns; and may be sued upon in the same manner as if such covenants were expressly inserted in the conveyance. Sec. 2180, R. S. 1919. Covenants contained in this section run with the land, and may be sued upon by any subsequent grantee who sustains a loss by failure of or defect in the title. Magwire v. Riggin, 44 Mo. 512, Affirmed by the U. S. Supreme Court in 15 Wallace (U. S.) 549; Langenberg v. D. G. Co., 74 Mo. App. 13; Walker v. Deaver, 79 Mo. App. 665; Talbert et al. v. Grist, 198 Mo. App. 492, 201 S. W. 906. The covenants of seizin of the warranty deed made by appellants to Pierce, if broken at all, were broken at the very time the deed was made and nothing subsequently done would avoid the failure of title. Leet v. Gratz, 124 Mo. App. 394, 101 S.

W. 696; Jones v. Haseltine, 124 Mo. App. 674. The measure of damages to be recovered will be the amount paid for the land by the grantee with interest from that date until the day of judgment. Coleman v. Lucksinger, 224 Mo. 1.

COX, P. J.—Action for damages upon a breach of covenant in a warranty deed to forty acres of land. Plaintiff recovered and defendant appealed.

The essential facts are either conceded or undisputed so the questions to be decided are purely legal. The facts are substantially as follows: Defendant, Rex Harris, was the owner of the Northeast Quarter of the Southwest Quarter and the Northeast Quarter of the Northwest Quarter of section 20, township 25, range 20, in Christian county, Missouri. He sold to A. R. Pierce the Northeast Quarter of the Northwest Quarter of said section 20 but in writing the deed the Northeast Quarter of the Southwest Quarter of said section was written in the deed by mistake. Pierce and wife then executed a deed of trust to R. M. Mapes, trustee, to secure a note of $100 payable to the Farmers' Bank of Chadwick, Missouri, in which the description of the land followed the description in his deed. This deed of trust also contained covenants of title. Pierce and wife afterward sold the land to plaintiff and executed to him a general warranty deed describing the same land as described in the former deed from defendant to Pierce, being also the same land described in the deed of trust executed by Pierce and wife to secure the note to the bank. This deed from Pierce to plaintiff recited that the covenants were made subject to the deed of trust above described and plaintiff assumed and agreed to pay the debt of $100 secured by said deed of trust. Plaintiff did not pay this debt to the bank, when it came due and the deed of trust was foreclosed and defendant became the purchaser at the trustee's sale. Plaintiff afterward discovered that at the time defendant made his deed to Mr. Pierce he did not own the Northeast Quarter of the Southwest Quarter of section 20 aforesaid. Plaintiff then brought this suit on the covenants of warranty in the deed of defendants to Pierce.

The plaintiff is not a direct grantee from defendants but under the rule in this State a subsequent grantee of the land may sue the original covenantor upon any covenant that runs with the land and that fact is conceded in this case. The defendant concedes that he did not own the land described in his deed to Pierce at the time he made the deed to him. Pierce having subsequently conveyed to plaintiff there would be no doubt of plaintiff's right to recover had there been no mortgage or deed of trust executed by Pierce and a foreclosure and sale thereunder. The question we are called upon to decide is whether the foreclosure and sale under a deed of trust

executed upon the land subsequent to defendant's deed to Pierce had deprived plaintiff of his right of action.

We may note here that the insertion in the deed by mistake of a wrong description of the land sold by defendants to Pierce did not render the deed void. It was the intention of all the parties to convey another tract which defendant at that time owned. The deed, therefore, conveyed to Pierce an equitable interest in the land sold and intended to be conveyed. On a proper showing Pierce could have had his deed reformed so it would have correctly described the land he bought. Pierce executed a deed of trust on the land containing the same error in description. When plaintiff bought the land he assumed and agreed to pay the debt secured by that deed of trust. By accepting a deed in which his assumption of that debt was specifically provided, he, as between himself and Pierce, became the principal for the payment of that debt and it was his duty to see that the debt was paid. As to that debt and the right of the holder of the note to foreclose the deed of trust he stood in the shoes of Pierce and his neglect to pay the debt secured by the deed of trust and its foreclosure had the same effect upon him as it would have had upon Pierce if he had not conveyed the land. When the deed of trust was foreclosed and the land conveyed to the purchaser under it the plaintiff is placed in the same position that he would be if he had himself conveyed the land, for under circumstances of that kind the deed of trust, its foreclosure and sale to the purchaser became the conduit through which both Pierce and plaintiff conveyed the property to the purchaser at the trustee's sale. [Gunther v. Williams, 40 Ala. 561; Blanchard v. Hazeltine, 79 Mo. App. 248; Iowa Loan & Trust Co. v. Fullen, 114 Mo. App. 633, 91 S. W. 58.]

It is clear that had there been no mistake in the description of the land the deed of trust would have been foreclosed the same as it was foreclosed and in that case there could be no doubt that all of plaintiff's rights would have been lost. We cannot see how a mistake in the description of the land in the deed and deed of trust would make any difference.

Plaintiff claims that some time after receiving a deed from Pierce he paid to Pierce the amount due on the note secured by the deed of trust. This note was payable to Farmers' Bank of Chadwick and the clause in the deed from Pierce to plaintiff by which plaintiff assumed and agreed to pay that note recited that it was payable to the bank, so he had notice of that fact and since there was no showing that Pierce had authority to collect the note, plaintiff's payment to Pierce was unauthorized and did not discharge the debt. There was no evidence that the holder of the note or the purchaser at the foreclosure sale had any knowledge that payment of the debt had been made to Pierce. Plaintiff testified that when he paid Pierce he, Pierce, delivered to plaintiff a note and deed of trust which compared with the

deed, and the deed of trust was marked "released and cancelled" and the note was marked "cancelled" by stamp. Who placed this marking on the deed of trust and note and by what authority it was done was not shown. There was nothing to indicate that either the bank to whom the note secured by the deed of trust was payable or the purchaser at the trustee's sale had any knowledge of the payment to Pierce and his delivery of a note and deed of trust to plaintiff. We do not think plaintiff can in any way profit by the fact that he made payment to Pierce and received from him a note and deed of trust that was marked "cancelled."

We are of the opinion that on the conceded facts in this case the plaintiff cannot recover. The judgment will, therefore, be reversed. *Bradley* and *Bailey, JJ.,* concur.