**RYDER FARMS, INC., Appellant,**

v.

**HULLINGER TRUCKING, INC., Respondent.**

**No. WD 45418.**

Missouri Court of Appeals, Western District.

Sept. 8, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 27, 1992.

Robert N. Calbi, Kansas City, for appellant.

William E. Shull, Kansas City, for respondent.

Before SPINDEN, P.J., and TURNAGE and BRECKENRIDGE, JJ.

SPINDEN, Presiding Judge.

Hullinger Trucking, Inc., and Ryder Farms, Inc., dispute each other's interest in two tracts, totalling about 700 acres, in Sullivan County. Hullinger Trucking's interest arose out of a sheriff's sale of the property on June 17, 1985. Ryder Farms claims interest by means of two deeds of trust executed by the previous owners, Alfred and Mary Ann Ryder, after the sheriff's levy but before the sheriff's sale.

Hullinger Trucking was the high bidder at the sheriff's sale. The Sullivan County sheriff had levied on the land pursuant to a general execution issued by the Harrison County Circuit Clerk on May 21, 1985, to satisfy a $23,402 judgment against the Ryders entered by the Harrison County circuit court.[1]

On May 30, 1985, the Ryders executed two deeds of trust on the property: one to Pocklington Seed Company and the other to Ryder Farms. On January 29, 1989, Pocklington Seed assigned all its interest in the land to Ryder Farms.

Hullinger Trucking sued Ryder Farms on March 22, 1990, in Sullivan County circuit court to seek Ryder Farms' release of the deeds of trust. Hullinger Trucking also alleged that Ryder Farms' lien on the property was false and misleading.

Both parties filed cross motions for summary judgment. On June 5, 1991, the trial court ruled that Pocklington Seed's and Ryder Farms' lien rights had been extinguished by the sheriff's levy and sale. The court declared that Ryder Farms had no title or interest in the land. Ryder Farms raises two points of error on appeal.

It contends in its first point that the sheriff's levy and notice of sale were ineffective because the legal description was incorrect. Ryder Farms did not preserve the point for review. "[I]t has long been stated that [the appellate courts] will not, on review, convict a lower court of error on an issue which was not put before it to decide." *Lincoln Credit Company v. Peach*, 636 S.W.2d 31, 36 (Mo. banc 1982). Ryder Farms asserted several issues to the trial court concerning the cross motions for summary judgment, but none of them concerned whether the sheriff's notice misstated the property's legal description.[2]

Ryder Farms asks us to review the point pursuant to Rule 84.13(c) which provides, "Plain errors affecting substantial rights may be considered on appeal, in the discretion of the court, though not raised or preserved, when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." We decline the request. We fail to discern plain error—error which is evident, obvious and clear. *State v. Minor*, 548 S.W.2d 598, 600 (Mo. App.1977). As the court stated, in *Baird v. Harris*, 220 Mo.App. 1290, 290 S.W. 80, 81 (1927), "[I]nsertion in the deed by mistake of a wrong description of the land ... [does] not render the deed void."

In its second point, Ryder Farms complains that the trial court granted summary judgment to Hullinger Trucking although Hullinger Trucking knew, or should have known, of defects in the property's chain of title prior to the sheriff's sale. Ryder Farms notes that the Ryders executed deeds of trust to it and to Pocklington Seed and that these deeds were recorded

---

1. Details of the sheriff's sale can be found in *Ryder v. Hullinger Trucking Co., Inc.*, 758 S.W.2d 718 (Mo.App.1988).

2. Ryder Farms asserts in its brief that it raised the point in oral arguments before the trial court. We find nothing in the record, however, supporting this contention. Ryder Farms cites us to page 86 of the legal file, but we find nothing on that page, or the surrounding pages, supporting its contention. Ryder Farms did not submit a transcript of the oral argument on the motion.

before the sheriff's sale. These recordings, Ryder Farms argues, "put or should have put [Hullinger Trucking] on notice of possible defects in the chain of title to the land."

The point is without merit because the sheriff's levy and sale extinguished the deeds of trust to Ryder Farms and Pocklington Seed. The Ryders conveyed their deeds after the sheriff's levy. "A sheriff's deed duly executed and delivered relates back and conveys title as of the inception of the lien of the execution or judgment, except as to intervening innocent purchasers—purchasers without notice." *Decker v. Evans*, 221 S.W.2d 127, 129 (Mo.1949). Because actual levy had already been made, Ryder Farms and Pocklington Seed took subject to the execution, even if they were ignorant of the notice of execution. *Young v. Schofield*, 132 Mo. 650, 34 S.W. 497 (1896).

For these reasons, we affirm the trial court's granting of summary judgment in favor of Hullinger Trucking.

All concur.